No. 74.—BERRIEN WILLIAMS, plaintiff in error, *vs.* JAMES GREER, defendant in error.

[1.] Where an instrument in the form of a bond was signed by the party executing it, and opposite his name was an ink scroll, with the word "seal" written within it: *Held*, that it was to be considered a sealed instrument, and to have effect and operation as such.

Debt, &c. in Stewart Superior Court.   Decision by Judge IVERSON.   October Term, 1852.

Berrien Williams brought an action of debt, upon the following instrument, declaring upon it as a sealed bond :

"Georgia, Stewart County :   Know all men by these presents, that I, James Greer, of the County of Stewart, and State aforesaid, am held and firmly bound unto Berrien Williams, of the County of Paulding, and State aforesaid, in the sum of six hundred dollars, for the true payment of which I firmly bind myself, my heirs and assigns, unto the said Berrien Williams, his heirs and assigns, this 2nd May, 1836.   The condition of the above is such that if the said Berrien Williams do forward to the said James Greer, certain *fi. fa.* or *fi. fas.* against Samuel Mc-Mithen, of Walton County, which binds lot No. 282, 21st district, originally Lee, now Randolph, the said Greer is to have them levied on the above lot, and attend to the sale thereof, and to bid it in, provided it does not exceed $300; and so soon as I bid off said land, and receive the Sheriff's title, am to pay $300 to said Williams, after deducting the cost.   When this is done, the above to be void, else to be and remain in full force and virtue in law.                    JAMES GREER. [SEAL.]

Defendant demurred to the declaration, on the ground that the instrument declared on, was not a sealed bond.   The Court sustained the demurrer, and this decision is brought up for review.

G. E. Thomas, for plaintiff in error.

Wellborn, for defendant in error.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The only question made by this record, for our consideration and judgment is, whether the instrument declared on by plaintiff, is an instrument under *seal.* The Court below ruled that it was not a sealed instrument. Whereupon, the plaintiff excepted ; and now assigns the same for error here. In our judgment, this is to be considered a sealed instrument. The word seal is plainly written within the ink scroll, which surrounds it; that it was the *intention* of the party executing it, to constitute it a sealed instrument, we entertain no doubt.

The intention is manifested by making the ink scroll as a substitute for wax, or other tenacious substance, and that there might be no mistake as to what the ink scroll was *intended to represent*, the word *seal* is plainly and distinctly written within it. The ink scroll has generally been considered, in this State, so far as we know or have been informed, as a substitute for the wax seal, or other tenacious substance, and upon principle, we think the same effect and operation should be given to it. See the cases of *Jones and Temple vs. Logwood*, 1 *Washington's Virginia Reports*, 56. *Relph & Co. vs. Gist*, 4 *McCord's Reports*, 267.

Let the judgment of the Court below be reversed.