No. 63.—Asa Lynch, *pro. ami*, &c. and others, plaintiffs in error, *vs*. William Bond and others, defendants in error.

[1.] The dismissal of a claim by the Court, at the instance of the plaintiff in execution, for failure to make parties, is not, under the Statute, a *withdrawal* of the claim, so as to prevent it from being interposed a second time.

Claim, in Talbot Superior Court.   Decision by Judge Worrell, September Term, 1855.

A motion was made to dismiss the claim in this (and five

other cases consolidated with this) case, on the ground that the claim had been withdrawn more than once.   The minutes of the Court showed, that at March Term, 1846, the claim was withdrawn at the motion of the claimant; and that at March Term, 1855, this order was taken: "The claimants failing to appear, make parties and prosecute their claim, it is, on motion of plaintiff, ordered that said claim be dismissed, and the *fi. fas.* proceed."

On this evidence, the Court dismissed the claim; and this decision is assigned as error.

INGRAM & CRAWFORD, for plaintiffs in error.

HILL, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The complaint in this case is, that the claim had been twice withdrawn before.  Well, what of that?  Is this a sufficient reason for dismissing a claim?  Certainly not.  The claimant might concede the truth of the assignment, and yet, demand a judgment in his favor.

The claimant has the right, under the law, to withdraw his claim *capriciously, once only,* except by the consent of the plaintiff in *fi. fa.*  If, then, it be true that he had withdrawn it *twice* before, he must, of necessity, have withdrawn it the second time, by the consent of the creditor.  And that is no good reason, why he should not interpose it again.  It may be withdrawn a hundred times; and it constitutes no bar to the property being claimed again.  To authorize the construction put upon the Act by Counsel for the defendant in error, it should read, that " the claim should not be put in twice, unless by consent of the plaintiff."  But such is not the Statute.  The language is, that " the claimant shall not be permitted to withdraw or discontinue his claim more than once, without the consent and approbation of the plaintiff in execution."  (*Cobb*, 533.)

But suppose the claim had been dismissed the first time it was put in, for failure to make parties; would this have been such a withdrawal of the claim, in contemplation of the law, as that it could not have been renewed? Such an interpretation would not only be unwarranted by the words of the Act, but against its obvious meaning.

The claimant might have been unable to make parties; and on this account, he is sent out of Court at the instance of the plaintiff. Certainly this is not the exercise of the right guaranteed to him by the Statute, of capriciously withdrawing his claim. If, then, his claim were dismissed by reason of some defect in the bond, or for any other cause, the same consequences would follow.

The plaintiff can compel parties to be made, by applying for letters, or causing them to be procured by some one else; and if the suit is not prosecuted, he can proceed to trial *ex parte*, make out his case and condemn the property, with such damages as the Jury may award him. But if he prefers to dismiss the claim and re-advertise, he has made his election, and he must abide by it.