JOSEPH BENTON, plaintiff in error, vs. J. C. and J. M. BENSON, defendants in error.

1. Under the Attachment Act of 1856, claims for property levied on by attachment, may be made pending the attachment, and in that case the claim bond must be made payable to the plaintiff in attachment.
2. If a claim, interposed pending an attachment, be dismissed for irregularity, such dismissal is no bar to another claim, after judgment on the attachment.
3. When a claim for property attached is not interposed until after judgment on the attachment, the claim bond should be made payable to the sheriff, as in other claim cases.

Attachment *fi. fa.* and claim, in Carroll Superior Court, decided by Judge D. F. HAMMOND, at the October Term, 1860.

Benton *vs.* Benson.

The facts and questions presented by the record in this case, are set out in the opinion of the Court.

W. W. & H. F. MERRELL, for plaintiff in error.

AUSTIN, BUCHANAN, for defendants in error.

*By the Court.*—LYON, J., delivering the opinion.

An attachment was sued out returnable to the Superior Court of Carroll county at the instance of the plaintiffs, J. C. & J. W. Benson, against one Alexander R. Morrison, which was levied on a printing press, types and fixtures. The property, pending the attachment, was claimed by one Joseph Benton, and that claim was subsequently dismissed by the Court for irregularity. A judgment was rendered on the attachment debt, from which an execution issued against the property attached that was levied on said property. The claimant again interposed his affidavit claiming the property, and gave his claim bond payable to the sheriff, etc. When this claim cause came before the Superior Court of Carroll county for trial, at the October Term, 1860, of that Court, the plaintiff in attachment moved to dismiss the claim on two grounds. 1st. That a claim for property levied on by attachment, under the Attachment Act of 1856, could only be made as required by that act, that is, before judgment on the attachment debt and not after, and that as such a claim had been interposed and dismissed, it was a bar to any claim after judgment. 2d. That the claim bond was made payable to the sheriff, instead of to the plaintiff in in attachment. The Court sustained the motion on both of the grounds, and dismissed the claim, and to that judgment the claimant excepted. Was that judgment of the Court below dismissing the claims on these grounds, or either of either of them, right? We hold that it was not.

1. Under the Attachment Act of 1856, claims for property levied on by attachment may be made pending the attachment, and in that case the claim bond must be made payable to the plaintiff in attachment. Pam. Acts, 1856, pp. 33 and

4; but the act does not require that the claim should be made then, or not at all, or if made, and dismissed for irregularity, that it shall bar any further claim. On the contrary, sec. 40, p. 35, of the Act provides that "after the judgment has been obtained in *any* case of attachment, execution shall issue as in cases of common law, and the execution shall be levied in the same manner as executions issuing at common law, and the proceedings in all respects shall be the same, except," etc., and under this clause we hold, that as a claim could be interposed to a levy on an execution issuing from a judgment at common law, it may also be interposed and heard on a levy made on an execution issuing from a judgment on an attachment, and in the same manner, notwithstanding a claim may have been interposed and dismissed for irregularity pending the attachment. If such a claim had been tried and a judgment rendered on the merits of the issue, it would be different.

2. And we hold further, under this act, that when the claim for property attached is not interposed until after judgment rendered, that the claim bond should be made payable to the sheriff, as in other claim cases. Cobb, 533.

Let the judgment be reversed.