Allen, administratrix, *vs.* Elder & Son.

1. A mistake which is relievable in equity is some unintentional act, omission or error arising from ignorance, surprise, imposition or misplaced confidence, and such a mistake may be either of law or of fact. The power to correct mistakes is exercised with caution, and to justify it, the evidence must be clear, unequivocal and decisive as to the mistake. The relief will be granted as between the original parties and their privies in law, in fact or estate, except *bona fide* purchasers for value without notice.

2. While mere ignorance of law on the part of the complaining party himself, where the facts were all known and there was no misplaced confidence and no artifice, deception or fraudulent practice used by the other party to induce the mistake of law, or to prevent its correction, will not furnish ground for equitable relief, yet if there be an honest mistake of law as to the effect of an instrument on the part of both contracting parties, especially where it operates *as a* gross injustice to one and gives an unconscientious advantage to the other, such a mistake may be relieved against in equity.

(*a.*) Where a bill alleged that a mortgage was made, which was defectively executed, in that no scroll was attached to the signature of the mortgagor, although it was stated on the face of the paper that it was sealed, as well as signed and delivered, and that it was the intention both of the mortgagor and mortgagee to make the instrument a good, valid and legal mortgage, and that they failed in so doing in consequence of a mutual mistake of the law upon the subject, and prayed that the mortgage might be reformed and

made to speak the intention of the parties, and, that when so re-formed it might be foreclosed, such a bill was not demurrable on the ground that the mistake was not one relievable in equity, nor because the instrument, if not under seal, would have been barred by the statute of limitations.

(*b.*) The discharge in bankruptcy set up by one of the defendants was matter of defence, and was not reached in the progress of the trial.

(*c.*) Equity, having jurisdiction for one purpose, will retain it for the final settlement of all matters involved in the litigation between the parties growing out of, and connected with, the subject-matter of the suit.

JACKSON, C. J., concurred *dubitante.*

April 20, 1886.

Estates. Mortgages. Sealed Instruments. Equity. Before Judge HAMMOND. Butts Superior Court. September Term, 1885.

Reported in the decision.

M. V. McKIBBEN; W. W. ANDERSON, for plaintiff in error.

A. D. HAMMOND, for defendants.

HALL, Justice.

The complainant exhibited her bill on the equity side of the court, praying the reformation of a mortgage, which she alleged was defectively executed, in that it had no scroll attached to the signature of the mortgagors, although it was stated on its face that it was " sealed," as well as " signed and delivered;" that it was her intention, as well. as that of the mortgagors, to make the instrument a good, valid and legal mortgage, and that they failed in so doing: in consequence of a mutual mistake of the law upon the subject; she further prayed that, when so reformed and made to speak the intention of the parties, the paper might be foreclosed as a mortgage. Discovery was prayed as to these matters from the defendants, and for the purpose of making it full, specific interrogatories, which they were required to answer, were propounded. They filed an an-

·swer, but it was not full, and the response to the statements in the bill and to the interrogatories was evasive and insufficient. They also filed a demurrer setting up the statute of limitations to the paper, which the bill sought to have corrected, in which they insisted that in its present form it was a simple contract, and not a specialty; and that the suit on it was not brought within six years from the time it was due. They denied that its insufficiency was the result of a mutual mistake of the law, but answered that it was the result of mutual ignorance of the law. There was no denial, however, of the intention charged in the bill to make this a good, valid and sufficient deed of mortgage. This disingenuous and insufficient answer, with what appeared on the face of the instrument, admitted enough, under the rules of equity, to have entitled the complainant to the decree she prayed; and these issues on this evidence should have been submitted to the jury. When the complainant had closed her case, the court sustained the demurrer, holding that the instrument was not a deed under seal, but a simple contract, and the suit thereon was barred by the statute of limitations.

Whether, abstractly considered, this was a correct decision under the law, it is needless to inquire; it is enough that no such question was made by the pleadings and the proof. The bill admitted that this was not a contract under seal, but prayed that, inasmuch as it was the intention of the parties so to make it, and that such intention failed to be carried into effect on account of their mutual mistake as to the law, it might be made to speak their real intention, and decreed to be an instrument under seal and be foreclosed as a mortgage.

The bill made no such point as that decided by the court; it did not seek the enforcement of the contract in its present form; it conceded that this could not be done under the law, but it insisted that it should be put into the form originally intended, and that then it should be enforced in accordance with its real purport and effect.

1. Our Code, §3117, defines a mistake relievable in equity as some unintentional act, or omission, or error, arising from ignorance, surprise, imposition or misplaced confidence. It adds that the power is exercised with caution, and to justify it, the evidence must be clear, unequivocal and decisive as to the mistake. The relief will be granted, as between the original parties, and their privies in law, in fact or estate, except *bona fide* purchasers for value without notice. *Id.*, §3119. It is further declared that mistakes may be either of law or fact. *Id.*, §3120.

2. And while it is true that for mere ignorance of law on the part of the party herself, where the facts were all known, and there was no misplaced confidence, and no artifice or deception, or fraudulent practice used by the other party to induce the mistake of law, or to prevent its correction, equity will not intervene and grant the relief prayed. *Id.*, §3121. Yet if there be an honest mistake of the law as to the effect of an instrument on the part of both contracting parties, especially where it operates as a gross injustice to one, and gives an unconscientious advantage to the other, such mistake may be relieved in equity. *Id.*, §3122.

A careful examination of this record might, we think, authorize a jury to conclude that the defendants, in acting as they have been shown to have done, were guilty of fraudulent practices in order to prevent the correction of the mistake of law, which they admit resulted, not only from their own ignorance of law, but likewise that of the complainant; or else that they were both honestly mistaken as to the legal effect of the instrument, and being so mistaken, gross injustice would be done the complainant, and they would be enabled to retain an unconscientious advantage, unless the relief prayed was decreed. The discharge in bankruptcy set up by one of the defendants was matter of defence, and was not reached in the progress of the trial, and we have no means of determining whether it would have

been available. Justice seems to require that there should be a fuller investigation of the case, especially in view of the fact that the defendants, and particularly William A. Elder, who claims that the title to the property mortgaged was solely in him, seems, from a statement in their answer, to be doubtful as to the propriety of their conduct to the complainant; for they express regret that she " has seen fit to resort to law to accomplish what might have been done by a voluntary submission of her rights in the premises to their kindness and liberality, which they claim they have ever shown, and are willing now to show her." From the consequences of such signal favor and boundless liberality, a conscientious, upright, intelligent and just jury may have felt it their duty to relieve her. That the intention of the parties is to govern in ascertaining the character of the contract, see *Williams vs. Greer*, 12 *Ga.*, 459. Besides, it was the right of the complainant under the law to resort to equity for the foreclosure of her mortgage; and having taken jurisdiction for this purpose, the court will retain it for others necessary to the final settlement of all matters involved in the litigation between the parties growing out of and connected with the subject-matter of the suit. *Clay vs. Banks et al.*, 71 *Ga.*, 363, 374.

Judgment reversed.

Jackson, Chief Justice, stated that he concurred *dubitante.*