### Allen, Administrator, *vs.* Elder & Son.

Equity, from Butts. Estates Mortgages. Sealed Instruments. Equity. (Before Judge Hammond.)

Hall, J.—1. A mistake which is relievable in equity is some unintentional act, omission or error arising from ignorance, surprise, imposition or misplaced confidence, and such a mistake may be either of law or of fact. The power to correct mistakes is exercised with caution, and to justify it the evidence must be clear, unequivocal and decisive as to the mistake. The relief will be granted as between the original parties and their privies in law, in fact or estate, excepe *bona fide* purchasers for value without notice. Code, §§3117, 3119, 3120.

2. While mere ignorance of law on the part of the complaining party himself, where the facts were all known and there was no misplaced confidence and no artifice, deception or fraudulent practice used by the other party to induce the mistake of law, or to prevent its correction, will not furnish ground for equitable relief; yet if there be an honest mistake of law as to the effect of an instrument on the part of both contracting parties, especially where it operates as a gross injustice to one and gives an unconscionable advantage to the other, such a mistake may be relieved against in equity. Code, §§3121, 3122.

(a) Where a bill alleged that a mortgage had been made, which was defectively executed, in that no scroll was attached to the signature, although it was stated on the face of the paper that it was sealed as well as signed and delivered, and that it was the intention of both the mortgagor and mortgagee to make the instrument a good, valid and legal mortgage, and that they failed in so doing in consequence of a mutual mistake of the law upon the subject; and prayed that the mortgage might be reformed and made to speak the intention of the parties, and that when so reformed it might be foreclosed, such a bill was not

demurrable on the ground that the mistake was not one relievable in equity, nor because the instrument, if not under seal, would have been barred by the statute of limitation. 12 Ga., 459.

(b) The discharge in bankruptcy set up by one of the defendants was matter of defense, and was not reached in the progress of the trial.

(c) Equity, having jurisdiction for one purpose, will retain it for the final settlement of all matters involved in the litigation between the parties growing out of and connected with the subject matter of the suit. 71 Ga., 363, 374.

Judgment reversed.

Jackson, C. J. concurred dubitante.

M. B. McKilben; W. W. Anderson, for plaintiff in error.

A. D. Hammond, for defendants.