## KING HARDWARE COMPANY *v.* BOWDEN.

A bond filed for the purpose of entering an appeal in behalf of a partnership or of a corporation must on its face show that the appellant's name was affixed thereto by some one duly authorized to do so ; and an offered amendment designed to make complete an instrument in the form of an appeal bond, but defective in the respect indicated, is properly rejected if even after its allowance the paper would still fail to meet the legal requirement herein stated.

Argued June 19, — Decided July 19, 1901.

Appeal. Before Judge Jones. Habersham superior court. September, 1900.

*H. H. Dean* and *R. L. J. Smith*, for plaintiff.
*H. H. Perry*, for defendant.

· Lumpkin, P. J. The King Hardware Company brought an action against J. J. Bowden in a justice's court, upon two promissory notes. A judgment was rendered in his favor. Subsequently, in the superior court, Bowden moved to dismiss what purported to be an appeal entered by the company. The paper relied on by it as constituting the appeal bond, after stating the case, read as follows: "And now, within the time allowed by law, come the King Hardware Co., and, being dissatisfied with the judgment in the above-stated case, enter this their appeal to a jury in the superior court; and they, the said King Hardware Co., as principals, and. W. D. Burch, as security, hereby acknowledge themselves bound to the defendant, J. J. Bowden, for the eventual condemnation-money in said case. Witness our hands and seals, this 24th day of June, 1899. [Signed] King Hardware Co. (L. S.), per Clyde L. King, Sec. & Treas., Prin.; W. D. Burch, (L. S.) Secty. Approved by me this June 26th, 1899. [Signed] Robt. McMillan, N. P. &. J. P." One ground of the motion to dismiss was: "Because the appeal bond was signed by the King Hardware Co. per Clyde L. King, Secty. & Treas., instead of having been signed by the president of said company." Counsel for the company "stated in his place, as an attorney at law, that C. L. King, the secretary and treasurer of the King Hardware Co., who signed said appeal bond, was the agent of the King Hardware Co. managing said case, and that the said C. L. King was the only officer or agent of said company with whom plaintiff's attorney had any correspondence concerning said case." Counsel "also moved to amend said appeal bond by signing thereto the name of the King Hardware Co. by himself as their attorney at law, which motion was overruled by the court," and the motion to dismiss sustained. Error is assigned on both of these rulings.

The first inquiry addressed to our consideration is: Was the so-called appeal bond sufficient upon its face? It is impossible to determine from the record before us whether the King Hardware Company was a partnership or a corporation. If the former, the paper relied on as a bond was certainly insufficient; for the Civil Code, § 4460, provides that when partners are sued as such, any one of them "may enter an appeal in the name of such firm . . and sign the name of such firm . . to the bond required by law, which shall be binding on the firm." If the firm name alone appeared, the presumption would be that it was signed by a mem-

ber of the partnership, for it will never be arbitrarily assumed that a forgery has been committed. But we have no statute authorizing the secretary or treasurer of a partnership to sign its name to an appeal bond, if, indeed, either of these titles can be appropriately applied to an employee of a partnership. If the King Hardware Company was a corporation, the alleged bond was not executed in the manner prescribed by that section, which further declares that, "in case of corporations, the appeal may be entered by the president or any agent thereof managing the case, or by the attorney of record." Apparently, counsel for the company sought to have it regarded as a corporation; for he undertook to state in his place that C. L. King, who signed the company's name, was its agent "managing said case." Evidently, this was an effort to bring the case within the provision of the section just cited, indicating the manner in which the appeal bond of a corporation shall be executed.

Taking the paper as it stood, it was insufficient, because it did not on its face show that an appeal had been duly entered. In cases of this character, the bond is itself the foundation of the appeal, and stands in the place of pleading. It should, therefore, affirmatively disclose that it was executed by some person authorized by law to sign thereto the appellant's name. The trial judge was certainly right in disregarding the statement of counsel as to what was the real truth of the matter. Conceding this statement to be true, it could not have had the legal effect of putting the bond in proper shape. The case was one, not for the introduction of evidence, but for the amendment of defective pleadings. Had counsel offered to amend the so-called bond by placing after the signature of C. L. King words disclosing that he signed it as the company's agent in charge of and managing the case, the proffered amendment should, in view of the provisions of section 5123 of the Civil Code, have been allowed. But no such offer was made. On the contrary, the only proposition to amend was embraced in the offer of counsel to sign the name of the King Hardware Company "by himself as their attorney at law." This would have been the equivalent of making an entirely new bond. In support of the contention that this was allowable, counsel for the plaintiff in error relied on the case of *Anthanissen* v. *Brunswick Co.*, 92 *Ga.* 409. Even if that case goes to the extent claimed, the offered amendment would not have rendered the bond good on its face. Referring

again to the Civil Code, § 4460, it will be seen that when an appeal is sought to be entered in behalf of a corporation by one undertaking to act as its counsel, the bond must show on its face that he was the attorney at the time of entering the appeal; for that section provides that only " the attorney of record" has authority to sign the name of a corporation to an appeal bond. Whether counsel was in a position to offer to sign a bond as "the attorney of record" in this case does not appear. He did not, in point of fact, make any proposal so to do.

　　　*Judgment affirmed.　All the Justices concurring.*