818.　NEW YORK LIFE INSURANCE CO. *v.* RHODES.

1. Evidence may be introduced to attack a certiorari bond upon the ground that it was executed or signed by one without authority, but the courts will not hear testimony in support of the validity of a bond given to obtain a certiorari, nor permit evidence offered to establish the authority of one who purports to have executed such bond in behalf of another, except in rebuttal of testimony attacking the authority of such an agent and the validity of the bond.

2. When a certiorari bond appears upon its face to have been signed by one apparently authorized to act as an agent, authority to sign it is to be presumed. This presumption may be rebutted by proof, but it is only after evidence adverse to this presumption has been introduced, that evidence in support of the authenticity of the bond or of the signer will be permitted. One who signs a bond, otherwise valid for the purpose of its execution, will not be presumed to have violated the law by committing forgery.

3. The requirements as to those who may sign a certiorari bond in behalf of a corporation are not so strict as the provisions of § 4460 of the Civil Code with reference to the execution of appeal bonds. In case of corporations, an appeal must be entered by the president, or the agent managing the case, or by the attorney of record. The bond prerequisite to obtain a writ of certiorari may be executed by any authorized agent or any attorney of the corporation. Civil Code, § 4639.

4. The signature of the person purporting to be the agent of the corporation, executing a certiorari bond in its behalf, being admitted and being under seal, the seal, though an ordinary scroll, will · be presumed to be intended as the seal of the corporation, until the presumption is rebutted by competent evidence. The seal imports proper authority.

5. If a corporation adopts a seal different from its corporate seal, for a special occasion, the seal adopted is the corporate seal for that time and occasion.

6. (*a*) Either a general agent or a special agent can execute a certiorari bond.

(*b*) The word "supervisor," when used to indicate an agent of an insurance company, denotes and includes general agency.

Certiorari, from Fulton superior court—Judge Ellis. October 4, 1907.

Argued January 20,—Decided March 16, 1908.

*Hugh M. Scott,* for plaintiff.　*Lowndes Calhoun,* for defendant.

RUSSELL, J.　The plaintiff in error filed a petition for certiorari in the superior court of Fulton county. When the case was called for trial, counsel for the defendant in certiorari moved the court to dismiss the same, upon the ground that the certiorari bond was signed, "New York Life Insurance Company, by E. J. Clark, supervisor," and it did not affirmatively appear from the record in

the case that said Clark had authority to sign the name of the company to the bond. The judge of the superior court sustained this motion and dismissed the certiorari, and exception is taken thereto.

The certiorari bond is as follows:

"Georgia, Fulton County. Know all men by these presents, that, whereas the New York Life Insurance Company, a corporation, is plaintiff in a suit on promissory notes, wherein Wallace Rhodes is defendant, in the Notary Public et ex-officio justice of the peace court of the 1234th district, G. M., said county, in which said cause, on the 30th day of May, 1907, a verdict was rendered for the said defendant, Wallace Rhodes; now, therefore, the undersigned principal, the New York Life Insurance Company, and the undersigned security, W. E. Manning, acknowledge themselves jointly and severally bound to the adverse party in said cause, viz. the said Wallace Rhodes, for the payment of the eventual condemnation money, together with all future costs. Witness our hands and seals this      day of June, 1907. New York Life Ins. Co. (L., S.), by E. J. Clark, Supervisor. W. E. Manning (L. S.)."

"Approved: Chas. S. Kingsbery, N. P. & ex. off. J. P. 1234th Dist. G. M."

The plaintiff in certiorari offered to show that Clark, the supervisor, was a general agent of the New York Life Insurance Company in the State of Georgia, and, by virtue of his office, the head representative and general manager of all the affairs of said New York Life Insurance Company in the State of Georgia, and, by virtue of his position, had charge of this particular case, with authority to execute the bond, and that the bond was a legal, valid, and subsisting obligation of the New York Life Insurance Company. The plaintiff in certiorari further offered to show acceptance and ratification of the bond as a valid and subsisting obligation of the company, by Hugh M. Scott, its attorney of record, and to prove the acceptance and ratification of the bond before having the same approved or filed.

1. We think the court properly refused to allow the plaintiff in certiorari to introduce evidence to prove that the bond was executed with authority by said supervisor, and properly refused the evidence offered to show ratification. The certiorari is a nullity, unless a legal bond, or a pauper affidavit in lieu thereof, has been

filed before issuance of the writ. *Simpkins* v. *Johnson, 3 Ga. App.* 437 (60 S. E. 202). If the bond appear to be valid and properly executed, the court will not hear evidence to sustain it, though evidence may be introduced to attack it as having been executed or signed by one without authority. *Alabama Midland Ry. Co.* v. *Stevens,* 116 *Ga.* 790 (43 S. E. 46) ; *Hamilton* v. *Insurance Company,* 107 *Ga.* 728 (33 S. E. 705). In the *Stevens* case, supra, an examination of the original record shows that the superior court heard evidence as to the lack of authority on the part of the clerk to sign the certiorari bond for the railroad company, and that the Supreme Court reversed the judgment of the lower court in refusing to dismiss the certiorari because the proof showed that the agent who had signed the certiorari bond was without authority. It is clear, therefore, that where a certiorari bond appears to be valid, evidence will not be heard in support of its validity, or in support of what purports to be the act of a duly authorized agent in signing the bond, but, upon proper motion, evidence will be heard attacking the validity of the bond, on the ground that it is not executed or signed by the proper person.

2. When a certiorari bond appears to have been signed by one who is apparently authorized to act as an agent, authority to sign such bond is to be presumed. This presumption may be rebutted by proof, but it is only after evidence has been introduced, adverse to this presumption, that evidence in support of the authenticity of the bond or of the authority of the signer will be permitted. One who signs a bond, otherwise valid for the purpose of its execution, will not be presumed to have violated the law by committing forgery.

3. We think, however, that the court erred in dismissing the certiorari upon the ground (as appears from the order of dismissal) that no valid bond had been filed by the plaintiff in certiorari. The bond was under seal and signed "New York Life Insurance Company (L. S.), by E. J. Clark, supervisor." The judge of the superior court seems to have dismissed the certiorari upon the idea that the word "supervisor" does not denote such an agency as would authorize such a supervisor to execute a certiorari bond. Counsel for defendant in error, to sustain the judgment of the lower court, relies largely upon the decision in *King Hardware Co.* v. *Bowden,* 113 *Ga.* 924 (39 S. E. 404). It must be

borne in mind that the decision in the *Bowden* case, supra, was based largely upon the peculiar wording of §4460 of the Civil Code, and the fact that an appeal bond is amendable. It has frequently been held that a certiorari bond is not amendable; and it must be borne in mind that the requirements as to a certiorari bond are not the same as those with reference to an appeal bond. Section 4460 of the Civil Code provides, that in the case of partners or joint contractors, any one of the partners or joint contractors may enter an appeal in the name of the firm or joint contractors to the appeal bond; and in case of corporations, the appeal may be entered by the president or any agent thereof managing the case, or by the attorney of record. It is upon the peculiar requirements of this section as to corporations that the decision in the *King Hardware Co.* case is based.

The name of the plaintiff in certiorari in the present case imports a corporation; and if an appeal bond, instead of a certiorari bond, were to be executed by it, the appeal would have to be entered either by the president, by the agent thereof managing the particular case, or by the attorney of record in the special case. Under §4639, which refers to the bond and security where writs of certiorari are applied for, either "the party applying for the same, his agent or attorney, shall give bond," etc. The legislature, seemingly bearing in mind the fact that a certiorari bond is not amendable, has, in such cases, relaxed to some degree the stringent requirements prescribed with relation to the persons who can execute an appeal bond; and instead of being restricted, in case of a corporation, to execution by the president, or the agent *having the case in charge,* or the attorney *of record,* as in case of appeal, a certiorari bond may be signed by any authorized agent or any attorney of such corporation. As to an attorney, see *James* v. *Avery,* 3 *Ga. App.* 357 (59 S. E. 1118).

4. We think the bond in this case was presumptively properly executed, because it was under seal. Angell & Ames on Corporations, §226. "The signature of the agent of the corporation, executing the instrument in its behalf, however, being proved, the seal, though mere paper and wafer, stamped with the common desk seal of a merchant, will be presumed to be intended as the seal of the corporation, until the presumption is rebutted by competent evidence." Flint *v.* Clinton Co., 12 N. H. 433-434; City

Council *v.* Moorhead, 2 Rich. 450; Susquehannah Bridge Co. *v.* Ins. Co., 3 Md. Ch. Dec. 305 (56 Am. D. 740); Phillips *v.* Coffee, 17 Ill. 154 (63 Am. D. 357). The court, therefore, should have considered the bond as sufficient, until it had been made affirmatively to appear by the defendant in certiorari that Clark did not have the authority he claimed to have and which his title imported.

5. Where an agent has signed with a seal, the courts are to presume that he did not exceed his authority. The seal itself, *prima facie,* imports proper authority. Counsel for the defendant in error, however, insists that the bond was not executed under the common seal of the corporation, but only under the letters "L. S.," being a general seal or scroll. This does not alter the case. A corporation as well as an individual person may use and adopt any seal. A scroll is sufficient, in place of a common seal, to constitute a sealed instrument. *Johnston* v. *Crawley,* 25 *Ga.* 316 (71 Am. D. 173). It is also held in the *Johnston* case (25 *Ga.* 329), that if a corporation adopts a seal different from its corporate seal, for a special occasion, the seal adopted is the corporate seal for that time and occasion. The purpose in executing the bond is to make it a sealed instrument. And that a scroll is sufficient for that purpose was held also in *Williams* v. *Greer,* 12 *Ga.* 459, and in *Stansell* v. *Corley,* 81 *Ga.* 453 (8 S. E. 868). See also *Carr* v. *Ga. Loan & Trust Co.,* 108 *Ga.* 757 (33 S. E. 190); *Nelson* v. *Spence,* 129 *Ga.* 35 (58 S. E. 697); *Dodge* v. *American Freehold Co.,* 109 *Ga.* 394 (34 S. E. 672). In these cases the common seal was used; but we see from the ruling in the *Johnston* case, supra, that this is not essential.

6. Under the provisions of §4639, either a general agent or a special agent can execute a certiorari bond in behalf of his principal, and the one is as sufficient for the purpose as the other. In our opinion the word "supervisor" imports general agent, and the authority to bind the company; but if we should be mistaken in this, the word necessarily implies agency of some kind; and as the instrument is under seal, special agency for the particular purpose, at least, is to be presumed. "A special agency properly exists when there is a delegation of authority to do a single act. A general agency properly exists when there is a delegation to do all acts connected with a particular trade, business, or employ-

ment." Story on Agency, §317. "Supervisor," as defined in Webster's International Dictionary, is "one who supervises; an overseer; an inspector; a superintendent." In the same dictionary the verb "superintend" is given as a synonym of the word "supervise," and "supervise" is defined as, "to oversee for direction; to superintend; to inspect with authority." We confess that at first blush the word "supervise" did not appear to us as being a term at all applicable to the affairs of the insurance company, or suitable to designate a general manager; but in the Century Dictionary we find the following definition: "Supervisor. One who supervises; an overseer; an inspector; superintendent: as, the supervisor of a coal-mine; a supervisor of the customs or of the excise." In the same dictionary the verb "supervise," is defined, "to oversee; have charge of, with authority to direct or regulate."

From the above we think it clear that four propositions are established: First: That either a general agent or a special agent can execute a certiorari bond. Second: That the word "supervisor" embraces general agency. Third: That where the bond appears under seal, authority to execute it will be presumed. Fourth: That the execution of such a bond under any ordinary seal or scroll is sufficient for that purpose. *Judgment reversed.*