## 831. AMERICAN INVESTMENT CO. *v.* CABLE CO.

1. A writ of error will not be dismissed by this court where there is enough in the bill of exceptions or transcript of the record presented, or both, to enable the court to ascertain substantially the real questions in the case, which the parties seek to have decided therein.

2. The bond which is prerequisite to the issuance of a writ of certiorari may, in behalf of a corporation petitioning for the writ, be executed by any authorized agent of the corporation. The term "manager," as applied to a private corporation, indicates one who has the general direction and control of its affairs, and, when used by one in connection with the seal, imports authority to sign in behalf of the corporation. The word "manager" implies agency, control, and presumptively sufficient authority to bind the corporation in a case in which it is an actual party to the case brought up by writ of certiorari.

3. A corporation may adopt a seal different from its corporate seal, for a special occasion or for a special use; and the seal thus adopted is, for all the intents and purposes for which it is used, the corporate seal for that time and occasion.

4. Where the seal of a corporation accompanies the signature of one of its officers, prima facie there is a presumption that it was affixed by proper authority. Where a certiorari bond is signed in behalf of a corporation by one whose official designation imports agency, and a scroll or other substitute for the corporate seal is used, it will be presumed, in the absence of evidence to the contrary, that the substitution of the seal used for the special occasion was either specially authorized or within the scope of the general powers of the agent, and a similar effect will be given to the seal thus adopted.

5. While, by statute, a claimant can not, *without* the consent of the plaintiff in fi. fa., withdraw his claim more than once, still a claim may be withdrawn *by* the consent of the plaintiff in fi. fa., or it may be dismissed upon his motion; and in either event the claim may be renewed. Neither a withdrawal of the claim nor its dismissal for want of prosecution, however, is an adjudication of the issue upon its merits or constitutes any bar to the interposition of another claim. The claimant is not allowed of his own motion to withdraw his claim more than once, because the plaintiff is entitled to prosecute the case to verdict. If, however, the plaintiff in fi. fa. moves a dismissal of the claim, or consents to its withdrawal by the claimant, he waives this right and takes the risk of the interposition of another claim.

6. There was no error in sustaining the certiorari and in ordering a trial upon the merits of the case.

Certiorari, from Fulton superior court—Judge Ellis, October 3, 1907.

Submitted January 20,—Decided March 30, 1908.

The American Investment Company had a justice-court execution in its favor levied upon a certain piano, as the property

of one Charlie Brown, the defendant in fi. fa. Two claims to
the piano were interposed,—one by Hannah Brown and the
other by the Cable Company. It appears from the record that
Hannah Brown was the wife of the defendant in fi. fa., and
the Cable Company was the original owner of the piano, and sold
it upon the instalment plan, reserving the title until the piano
should be fully paid for. In the case of the American Invest-
ment Company, plaintiff in fi. fa., and Hannah Brown, claim-
ant, the piano was found subject to the fi. fa. Upon the call
of the case of the American Investment Company, plaintiff in
fi. fa., against Charlie Brown, defendant, and the Cable Com-
pany, claimant (the claimant and its attorney both being absent),
the justice of the peace, upon motion of counsel for the plain-
tiff in fi. fa., dismissed the company's claim for want of prose-
cution. Thereupon the claimant filed the claim which is the sub-
ject of the present litigation. The claim case now under consid-
eration coming on to be heard, the plaintiff in fi. fa. moved the
court to dismiss the claim, upon the ground that the claimant had
filed a previous claim to the identical piano in question, which had
been dismissed by the court for want of prosecution, and that this
dismissal barred the right to file the second claim. The justice of
the peace sustained the motion and dismissed the second claim.
Thereupon the Cable Company sued out a writ of certiorari. Upon
the hearing in the superior court, a motion was made to dismiss
the certiorari, upon the ground that there was no valid certiorari
bond, for the reason that it did not appear that George W. Wilkins
was agent, attorney in fact, or attorney at law of the Cable Com-
pany, authorized to sign and execute said bond for it, and because
no power of attorney appeared, to authorize said Wilkins to execute
said bond, and because it did not appear that the bond was ex-
ecuted by the plaintiff in certiorari by its duly authorized agent.
The judge of the superior court refused to dismiss the certiorari.
The judge then proceeded to pass upon the case, upon its merits,
and, on review, sustained the certiorari and directed the justice of
the peace to reinstate the claim case and to try the same upon its
merits. The order refusing to dismiss the certiorari, and the
judgment sustaining the certiorari, were embraced in one judg-
ment. The plaintiff in error excepts, in a single assignment of

error, to the overruling of his motion to dismiss the certiorari and to the judgment sustaining the certiorari and reinstating the claim.

*Lowndes Calhoun,* for plaintiff.

*Joseph W. & John D. Humphries,* contra.

Russell, J.  (After stating the foregoing facts.)

1.  A motion is made by counsel for defendant in error to dismiss the bill of exceptions, upon the insufficiency of the assignment of error.  This motion we decline to grant.  We are quite familiar with the authorities cited in the brief of counsel for the defendant in error, but these decisions are not in point.  The main purpose of the creation of courts for the correction of errors is to have the questions which are presented in the litigation definitely decided. It is the settled policy of this State, as shown by several recent acts of the General Assembly, that the legal merits of every case shall be passed upon by the court of last resort, and not only that, but furthermore that the pathway to justice shall not be made difficult by technicalities.  It is our duty to decide the real questions between the parties if there is enough in the record to enable us to "see the point."  In the instant case the bill of exceptions recites that "the court rendered a judgment overruling said motion to dismiss the certiorari, and sustained the certiorari and directing that the justice of the peace reinstate the claim case, and try the same on its merits, to which judgment the American Investment Company, defendant in certiorari, excepted and now excepts, and assigns the same as error."  If the rulings of the judge of the superior court which are complained of had been separate, it would perhaps have been better to have made two assignments.  The motion to dismiss the certiorari was oral, and the judge might have passed upon that orally.  But inasmuch as both rulings were made subject-matter of a single judgment, and inasmuch as an investigation of the record only clearly discloses the questions involved and presented for our adjudication, we can not hold otherwise than that the assignment of error is sufficient.  This court is governed by the same laws and rules of procedure as the Supreme Court, and it is declared in Civil Code, §5569, that "it shall be unlawful for the Supreme Court of Georgia to dismiss any case for any want of technical conformity to the statutes or rules regulating the practice in carrying cases to that court, where there is enough in the bill of exceptions or transcript of the record presented, or

both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein."

2. A writ of certiorari issued without the filing of a legal bond is a nullity. It should never have been issued at all. But the bond, which is an indispensable prerequisite to the issuance of the writ of certiorari, may, in the behalf of a corporation, be executed by any agent of the corporation which is petitioning for the writ who may be either specially or generally authorized to take such action in its behalf. In the present case the bond stated that the "Cable Company, claimant in the above stated case, being dissatisfied with the judgment of the court dismissing said claim, and desiring to certiorari said case to the superior court, brings Henry T. Patterson and tenders him as its security; and the said Cable Company as principal, and the said Patterson as security, acknowledge themselves bound," etc. The bond is signed "The Cable Company, Geo. W. Wilkins, Manager (Seal)," and was approved by the justice of the peace. The affidavit was made by G. W. Wilkins, and the justice of the peace certified that "the Cable Company has paid all costs which have accrued," etc. The fact that Wilkins made the affidavit and that the Cable Company paid the costs would be conjunctive circumstances seemingly indicating that Wilkins was an agent of some kind of the company, and that the company desired the issuance of the writ of certiorari. Was he, then, such an agent as could execute the bond in behalf of this corporation? We have already answered this question in *New York Life Insurance Co.* v. *Rhodes,* ante, 25 (60 S. E. 828), in which we held that when a certiorari bond appears upon its face to have been signed by one apparently authorized to act as an agent, authority to sign such bond is to be presumed, and this presumption continues until rebutted by proof. As pointed out in the *Rhodes* case, supra, the requirements as to those who may sign a certiorari bond in behalf of a corporation are not so strict as the provisions of the code with reference to the execution of appeal bonds. It is not necessary, in the case of a corporation, that the certiorari bond be executed by the president or the agent managing the case, or the attorney of record, as in cases of appeal. The bond to obtain the writ of certiorari may be executed by any authorized agent or any attorney of the corporation. Civil Code, §4639. Of course,

it must appear that the agent was authorized to execute the bond; and it is upon this fact that the ruling in *Southern Express Co.* v. *Wheeler,* 72 *Ga.* 210, rests. Where an attorney in fact signs a bond, it should be accompanied by the power of attorney; because there is no presumption that an attorney in fact is more than a special agent for a particular purpose. In this case, however, we think that the trial judge properly held that the term "manager" implied general authority to act in behalf of the party who had lost the case in the justice's court, and who had paid the costs with a view of taking the case up for review. As applied to a private corporation, the term "manager" indicates one charged with the general direction and control of its affairs; and when used by one thus entitled, in connection with the seal, the term imports authority to sign in behalf of the corporation. There is a presumption that a bond thus signed was signed by authority of the corporation, by one authorized to sign. The bond is prima facie valid. Its validity can be questioned or its invalidity can be shown by proof. We adopt the ruling of our learned brother of the trial bench, "that the word 'manager' implies control, agency, and authority presumptively sufficient to bind the company on a bond in a case to which there is no doubt that the company was an actual party to the case tried and brought up under the writ of certiorari."

3, 4. It is insisted, however, that while the foregoing would apply to the signature accompanied by the common seal of the corporation, the corporate seal was not used in this case. It must be conceded that under the decision in *Solomon's Lodge* v. *Montmollin,* 58 *Ga.* 547, the seal of a corporation is prima facie evidence that it was affixed by proper authority; and therefore the position of counsel for the plaintiff in error must rest upon the proposition that only the corporate seal can be used in signing a bond to obtain the writ of certiorari. We can not agree to this position, because the authorities are to the contrary, as already pointed out in *New York Life Ins. Co.* v. *Rhodes,* supra. It was held in one of our earliest cases, *Johnston* v. *Crawley,* 25 *Ga.* 327 (71 Am. D. 173), that "a scroll is made a seal by statute in this State, and there is no reason why it may not be adopted by a corporation here, either as a common seal or as a seal for a special purpose." It is code law. Political Code, §5. The question as

to whether one who purported to be an authorized agent of a petitioner in certiorari was or was not authorized so to act is determinable, prima facie, by the use of the corporate seal. Its use imports authority to sign, because the seal of the corporation itself is prima facie evidence that it was affixed by proper authority. Where the corporate seal is not affixed to the bond, and the power of attorney to sign is not attached thereto, the agency of the party purporting to sign the bond in behalf of the corporation is determinable largely from the designation attached by the signer and the use of the seal. Where a bond is signed under seal, in behalf of a corporation, by one whose official designation imports agency, there is also a presumption that there is an agency, for the reason that no one will be presumed to commit forgery. Evidence may be submitted (as was held in *Ala. Midland Ry. Co.* v. *Stevens,* 116 *Ga.* 790, 43 S. E. 46), to show that he who signed in behalf of the corporation was not fully authorized; and it may be shown that such a one had no authority at all; but in the absence of such evidence, it is to be presumed that he who signed the name of the corporation as its agent was either generally or specially authorized; and if a scroll be used instead of the common seal, presumptively the substitution of this seal was either specially authorized or within the scope of the power of the general agent. For these reasons the court did not err in overruling the motion to dismiss, made by the defendant in certiorari.

5. The plaintiff in error excepts to the judgment of the judge of the superior court in sustaining the certiorari and ordering the justice of the peace to reinstate the claim and to try the case upon its merits. The assignment of error is based upon the fact that a previous claim had been filed by the Cable Company and was dismissed. When the present case came on for trial, the plaintiff in error (plaintiff in fi. fa. in the justice's court) insisted that the former dismissal of the claimant's claim to the identical property constituted a bar to the interposition of another claim; and the justice sustained this contention. The first claim was not heard upon its merits, nor was it withdrawn by the claimant. It was dismissed on motion of the plaintiff in fi. fa., without any appearance on the part of the claimant. The dismissal of the first claim does not effect a res adjudicata, and is not good substance for a plea in bar to that effect. The plaintiff in fi. fa. could not, on

account of the failure of the claimant to appear, take judgment by default (*National Furniture Co.* v. *Edwards,* 105 *Ga.* 240, 31 S. E. 161), and it does not appear from the record that the plaintiff in fi. fa. made out its case and that the justice of the peace inadvertently or ignorantly entered a judgment dismissing the claim, when he should have rendered judgment in favor of the plaintiff in fi. fa. and finding the property subject. To the contrary, the plaintiff's attorney moved the dismissal of the claim. Clearly there was no res adjudicata, and the dismissal of the claim at the instance of the plaintiff in fi. fa. amounted to nothing more than consent on the part of the plaintiff in fi. fa. that the claimant might withdraw his claim. While, by statute, a claimant can, *without* the consent of the plaintiff in fi. fa., only withdraw his claim once, still a claim may be withdrawn *by* the consent of the plaintiff in fi. fa., or it may be dismissed upon his motion, and in either event the claim may be renewed. Neither a withdrawal of the claim nor a dismissal of the claim for want of prosecution, however, is an adjudication of the issue upon its merits or constitutes any bar to the interposition of another claim. The claimant is not allowed of his own motion to withdraw this claim more than once; because the plaintiff is entitled to prosecute the case to verdict. If, however, the plaintiff in fi. fa. moves a dismissal of the claim or consents to its withdrawal by the claimant, he waives this right and takes the risk of the interposition of another claim.

6. It appears in this case that the fi. fa. obtained by the American Investment Company issued upon a judgment against one Charlie Brown; the piano was sold by the Cable Company to Hannah Brown, his wife, under a written conditional-sale contract, which was properly recorded. The Cable Company had a right to file the claim; and if the existence of the facts testified to upon the trial before the justice, antecedent to the dismissal of the claim upon the ground that it was res adjudicata, is not disproved, the Cable Company is entitled to prevail in the suit over the owner of a fi. fa. which was not even obtained against the vendee in the conditional-sale contract. There was, therefore, no error in sustaining the certiorari and ordering a trial in the justice's court upon the merits of the case.    *Judgment affirmed.*