2599. GEORGIA-ALABAMA BUSINESS COLLEGE *v.* CONSTITUTION PUBLISHING COMPANY.

The court erred in dismissing the certiorari.
                DECIDED OCTOBER 14, 1910.

Certiorari; from Bibb superior court—Judge Felton. January 25, 1910.

*S. W. Hatcher,* for plaintiff in error.

*R. S. Wimberly,* contra.

HILL, C. J. The only question made by the bill of exceptions is whether the following instrument is a valid bond, properly executed as a part of the petition for certiorari. "Georgia, Bibb County. In the case of the Constitution Publishing Co. *v.* Georgia-Alabama Business College, in the justice court of said county for the 716th district G. M., the said defendant being dissatisfied with the judgment rendered therein and desiring to certiorari said case, brings W. C. Livingston and tenders him as security, and thereupon the said Georgia-Alabama Business College, principal, and the said W. C. Livingston, security, acknowledge themselves jointly and severally bound to the said plaintiff for the eventual condemnation money and all future costs in said case, for the payment of which they bind themselves firmly by these presents. Witness our hands and seals this 10th day of July, 1909. [Signed] W. C. Livingston (L. S.). Eugene Anderson, President.—Attested and approved: [Signed] J. P. Burnett, N. P. & ex-officio J. P." The judge of the superior court dismissed the certiorari on the ground that this bond was not properly executed by the plaintiff in certiorari. As a part of the petition for certiorari, and executed simultaneously with the bond, appears the following affidavit: "Georgia, Bibb County. I, Eugene Anderson, president of the Georgia-Alabama Business College, do solemnly swear that this petition for certiorari is not filed in the case for the purpose of delay only, and I verily believe that defendant has good cause for certiorari, and that the facts stated in the foregoing petition, so far as they come within my own knowledge, are true, and that so far as they are derived from the knowledge of others I believe them to be true. [Signed] Eugene Anderson.—Sworn to and subscribed to before me this 10th day of July, 1909. [Signed] Warren Roberts, Notary Public, Bibb County, Ga."

The objection is urged that the bond is not the bond of the petitioner in certiorari, the Georgia-Alabama Business College, but that the words "Eugene Anderson, president," signed to the bond, are merely descriptio personæ, and the bond is the bond of Eugene Anderson, and not the bond of the Georgia-Alabama Business College. The old maxim, id certum est quod reddi certum potest, would seem to be applicable. The bond purports on its face to be the bond of the Georgia-Alabama Business College, and the affidavit made for the purpose of procuring the writ of certiorari, and made simultaneously with the execution of the bond, recites that Eugene Anderson on that date was president of the Georgia-Alabama Business College, and further that the Georgia-Alabama Business College, of which the affiant was president, filed the petition for certiorari. The conclusion seems to be irresistible that in signing the certiorari bond Eugene Anderson was also acting for the Georgia-Alabama Business College, as he was in making the affidavit. Of course, the bond is not executed with technical correctness. It should have been signed "Georgia-Alabama Business College, by Eugene Anderson, president." But when the recitals on the face of the affidavit and the recitals in the bond are considered together, it can not be doubted that Eugene Anderson executed the certiorari bond in behalf of the corporation of which he was president. The facts that Eugene Anderson, as president of the corporation that filed the certiorari, made the affidavit for the corporation, that the corporation paid the certiorari costs, and that Eugene Anderson, president, signed the bond which purports to be the bond of the corporation, would be conjunctive circumstances not only seemingly indicating that Eugene Anderson was president of the corporation, and that the corporation desired the issuance of the writ of certiorari, but would be almost conclusive of these facts. When the certiorari bond appears upon its face to have been signed by one apparently authorized to act as agent, authority to sign such bond is to be presumed; and this presumption continues until rebutted by proof. *New York Life Ins. Co.* v. *Rhodes*, 4 *Ga. App.* 25. (60 S. E. 828). A certiorari bond may be signed by any authorized agent or any attorney of the corporation. Civil Code of 1895, § 4639. But it is not objected that the president was not the authorized agent of the corporation for that purpose. The objection is that it does not ap-

pear that the bond was executed by the president of the corporation which was suing for the writ of certiorari. The facts that the Georgia-Alabama Business College was a party to. the suit, and that Eugene Anderson, as president and agent of that corporation, had made a certiorari affidavit in that case, it seems, would furnish conclusive evidence that in signing the certiorari bond in that case as "president," he did so as the president and agent of the corporation. To hold otherwise would be entirely too technical. We think the evidence all together shows a valid certiorari bond, executed as a part of the petition for certiorari, by the party to the suit who desired the writ to issue. The court erred in holding to the contrary and in dismissing the certiorari.

*Judgment reversed.*