7318.  COUNCIL, receiver, v. STEVENS.

BLOODWORTH, J.  1.  When an execution has been levied and a claim to the property levied on has been interposed, the claimant has the legal right to withdraw or discontinue his claim once, "without the consent of the plaintiff in execution, or some person duly authorized to represent such plaintiff."  Civil Code (1910), § 5171; *American Investment Co.* v. *Cable Co.*, 4 *Ga. App.* 106 (60 S. E. 1037).

2.  Sections 5625 and 5626 of the Civil Code of 1910 (as to payment of costs or the filing of an affidavit in forma pauperis, where a plaintiff recommences his suit, after nonsuit, dismission, or discontinuance) do not apply to claim cases.

3.  The court erred in overruling the demurrer to the original plea in abatement, and all proceedings thereafter were nugatory.

*Judgment reversed.  Broyles, P. J., and Jenkins, J., concur.*

DECIDED FEBRUARY 1, 1917.

Levy and claim; from city court of Leesburg—Judge Martin. January 17, 1916.

The Bank of Southwestern Georgia filed a claim to property levied on under an execution against Robinson, issued on a judgment of the city court of Leesburg in favor of M. J. Stevens; and on the trial of the claim case at the July term, 1915, of that court the judge, on motion of the claimant's attorneys, after the introduction of evidence by the plaintiff, passed an order as follows: "On motion of claimant's attorneys the within claim is hereby withdrawn at the claimant's cost."  A second claim to the property was interposed on August 14, 1915, by the receiver of the bank; and in that case M. J. Stevens, at the October term, 1915, of the city court, filed a plea as follows:  "And now comes the defendant and prays judgment of the said petition, because he shows, that at the July term, 1915, of said court, there was a cause pending between the same parties on the same cause of action, with the Bank of Southwestern Georgia claimant to the same property, and, said claimant having dismissed or withdrawn his claim and now having filed the present suit in the same court on the same cause of action, without having paid the court costs in said former suit or having filed an affidavit of its inability to do so on account of poverty, the present cause is barred and should be dismissed. . . Wherefore he prays judgment of said petition and that the same be quashed."  The claimant filed a demurrer on the following grounds:  1.  The plea as filed does not set up facts sufficient in

law. 2. The plea is not sufficient in law to raise an issue, and is not in form provided by law. 3. A claimant is not required in law to pay the cost in a claim case that has been withdrawn by the claimant, before filing a second claim. 4. A plea in abatement to a claim can not be filed, under the law, where the claimant on his own motion withdraws the claim and files a second claim without payment of the costs of the first claim. 5. The plea does not set out the amount of costs due and to whom payable when the claim was dismissed by claimant, and that the parties to that claim are the same as in the claim to which the plea is filed, and that the property and the issues are the same. The demurrer was overruled, except as to the 5th ground, which later was met by amendments stating the items of costs due, etc. The demurrer was repeated as to the plea as amended, and was overruled; and, there being no traverse to the plea, and it being agreed that the judge should determine the case on the pleadings, the court passed an order sustaining the plea and dismissing the claim. A motion to set aside this judgment was filed by the claimant at the same term of the court, and was overruled; and the claimant excepted, assigning error on the overruling of the demurrers, and on the judgment sustaining the plea and dismissing the claim, etc.

*Ellis, Webb & Ellis,* for plaintiff in error.

*J. B. Hoyl, Wallis & Fort, C. R. Winchester,* contra.