30330.   SHERRILL *et al. v.* PACE.

DECIDED JUNE 20, 1944.

*Thomas E. McLemore, John W. Bolton,* for plaintiffs in error.
*Estes Doremus, Smith, Smith & Bloodworth,* contra.

MacINTYRE, J. ■ Section 6-1307 of the Code provides: "The Supreme Court, or the Court of Appeals shall not dismiss any case

for any want of technical conformity to the statutes or rules regulating the practice in carrying cases to said courts, where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein." Inasmuch as an investigation of the record only clearly discloses the questions involved and presented for our adjudication, we overrule the motion to dismiss. *American Investment Co.* v. *Cable Co.,* 4 *Ga. App.* 106, 108 (60 S. E. 1037).

■ This was a suit wherein the petitioner sought to recover damages incurred when one Pearce Sherrill negligently drove an automobile into the side of the petitioner's parked car. The allegations of negligence were as follows: that the defendant was negligent in not properly observing the street upon which he was traveling; in not keeping his eyes on the road; and in not observing the petitioner's automobile parked against the curb. The attorney for the defendant complained of the allowance of the plaintiff's amendment whereby the suit was allowed to proceed in the name of the plaintiff for himself and for the use of the National Fire Insurance Company. Both at the time the petition was brought and after the amendment was allowed there was a legal right of action in the plaintiff. He could maintain the suit in his own name for himself and for the use of the National Fire Insurance Company. Notwithstanding the insurance company had acquired a substantial interest in the cause of action, the plaintiff, nevertheless, also had a substantial interest therein. *Atlantic Coast Line R. Co.* v. *Hart Lumber Co.,* supra; *Wheeler* v. *Stapleton,* 99 *Ga.* 731, 732 (27 S. E. 724) ; Code § 81-1307.

■ On direct examination the evidence of the driver of the car was, in part, as follows: "I was looking in front of me at the time of the accident, but did not see Pace's car before I was within about five feet of it. I did everything I could to avoid striking Mr. Pace's car, when I observed it five feet in front of me, but could not avoid striking it." On cross-examination he testified: "We had been to a party and were going home. It was about 12 or 12:15 o'clock at night when the accident occurred. I was within about five feet of Mr. Pace's car when I first saw it, and tried to turn the car I was driving to avoid striking Pace's car, but the steering gear or something went wrong, and I could not turn it from his car. His

car was parked on the right side of Metropolitan Avenue, S. E., Atlanta, Georgia, headed west. His car was parked about the middle of the block." Patillo, a witness for the defendant, testified as follows: "The car we were in was a coupé with one seat. Pearce was driving the car. I was on the right side of the car. I was talking to a girl, who was in the car with us. I was not looking ahead; I was talking to the girl."

There is no evidence in the record that shows that the driver of the car, after the occurrence, even examined the steering gear or the mechanism of the car to ascertain whether or not it was functioning correctly, nor does it show that anyone else did. He was driving 20 or 25 miles per hour with his lights on and he did not see the plaintiff's car, which was parked without lights against the curb in the middle of the block, until he was within five or six feet of it, when he tried to turn his car to avoid the impact. The evidence authorized the jury to find, if they saw fit, that the driver's testimony as to there being "something wrong with the steering gear or something else" on the car, was a mere erroneous conclusion on his part; and to find, on the contrary, that the proximate cause of the damage was the driver's negligence in not looking ahead while driving at a speed of 20 to 25 miles per hour, and in not seeing the parked automobile until he was within five or six feet of it, when it was too late for him to turn to avoid the impact, even though nothing was wrong with the steering gear. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*