### 41365. JAMES TALCOTT, INC. v. SWIM-A-RAMA POOL & EQUIPMENT COMPANY, INC., et al.

Deen, Judge. 1. Subject to certain exceptions, claims to property levied on by attachment or execution may be interposed by the same claimant any number of times. He may not himself discontinue and refile his claim more than once without the consent of the plaintiff, but a dismissal by the trial court not amounting to a judgment on the merits of the claim, sustaining a motion to dismiss made by the plaintiff, is equivalent to a dismissal with the consent of the plaintiff. *Code* § 39-905; *Lynch v. Bond,* 19 Ga. 314. If, however, the decision was on the merits of the claimant's case, the claim may not be refiled (*Benton v. Benson,* 32 Ga. 354) nor, after a judgment finding the property subject to execution, may it be renewed. *Code* § 24-3330. The claim may be dismissed by the claimant at the close of the plaintiff's evidence and later refiled where the plaintiff assumes the burden of proof. *Council v. Stevens,* 19 Ga. App. 250 (91 SE 286). In *American Investment Co. v. Cable Co.,* 4 Ga. App. 106, 112 (60 SE 1037), when a claim case was called up for trial the plaintiff in fi. fa. moved to dismiss it for lack of prosecution, the trial court entered up an order of dismissal, the claimant later refiled the claim, and the plaintiff urged a plea of res judicata which was held properly overruled for the reason that the plaintiff would under no circumstances be entitled to a judgment by default finding the property subject without making out his own case. "It does not appear from the record that the plaintiff in fi. fa. made out its case and that the justice of the peace inadvertently or ignorantly entered a judgment dismissing the claim, when he should have

rendered judgment in favor of the plaintiff in fi. fa. and finding the property subject. To the contrary, the plaintiff's attorney moved the dismissal of the claim. Clearly there was no res adjudicata, and the dismissal of the claim at the instance of the plaintiff in fi. fa. amounted to nothing more than consent on the part of the plaintiff in fi. fa. that the claimant might withdraw his claim."

2. The question at issue here is whether the first claim interposed by James Talcott, Inc., to property against which an attachment was sued out by Hatcher Smith as the property of Swim-A-Rama Pool & Equipment Co. was decided on its merits, so that a second claim interposed by the same claimant in the same case was, as the trial court held, subject to a plea of res judicata. In this case the claimant, upon the call of the first claim for trial, assumed the burden of proof, the property apparently being in the possession of the defendant in attachment. At the conclusion of its evidence the plaintiff in attachment moved to dismiss the claim, and the trial court held: "It is our opinion that the motion is meritorious because the burden is on the claimant to show title (which has been done) and also to show that the property levied upon is the same as claimed (which has not been done) . . . It is ordered and adjudged that the motion be and the same is hereby granted and the claim is dismissed." Apparently the plaintiff itself introduced no evidence, nor did it seek any judgment finding the property subject to be attached as the property of the defendant. Its motion to dismiss was in effect a demurrer to the evidence or nonsuit on the ground that the claimant had not made out a prima facie case. The judge recognized this purpose by his order, in which he stated that the claimant had proved title to *something*, but had not sufficiently identified what it owned as the property sought to be attached. This is a judgment that the claimant failed to make out its case, but not that the property does not belong to the claimant or that it does belong to another. It thus partakes more of the nature of a nonsuit than of a final judgment, and comes within the rule that, being a dismissal instigated by the plaintiff, it was a dismissal with the consent of the plaintiff, from which it follows that the claimant was entitled to refile the claim. *Edmonds v. Atlanta Newspapers, Inc.*, 92 Ga. App. 15 (87 SE2d 415).

The trial court erred in dismissing the claim.

*Judgment reversed. Felton, C. J., and Jordan, J., concur.*

Submitted June 7, 1965—Decided July 9, 1965.

A. C. Latimer, James A. Stanfield, J. Lee Perry, for plaintiff in error.

*Sam G. Dettelbach, Alton T. Milam,* contra.