ENGLISH *et al. v.* S. P. RICHARDS COMPANY.

|109   635|
|d111  299|

1. The petition set forth a cause of action against the demurring defendants, and alleged such performance on the part of the plaintiff, accepted by these defendants, in accordance with the contract sued upon, as took the contract out of the provision of the statute requiring a promise to answer for the debt of another to be in writing.

2. There was no error in overruling the ground of the demurrer, which was filed by two of the defendants, that the petition showed that the debt sued on was the individual indebtedness of another of the defendants, for the payment of which he had given the plaintiff his written obligation.

Argued December 8, 1899. — Decided January 29, 1900.

Complaint.   Before  Judge  Lumpkin.   Fulton  superior court.   March term, 1899.

*Daley & Hall*, for plaintiffs in error.
*Lumpkin & Colquitt*, contra.

FISH, J.   The S. P. Richards Company brought suit against Harry L. English, W. E. Venable, W. H. Williams, and the Atlanta Soda Company, for the sum of $110.00.   The petition made the following case:   The plaintiff was the owner of a soda-fountain, which it had leased to Shropshire & Colyar, to be operated by them at No. 60 Whitehall street, in the city of Atlanta.  English, Venable, and the Atlanta Soda Company operated two soda-fountains near said location, the business and trade of which was interfered with by the competition of the fountain operated by Shropshire & Colyar.   They, therefore, wanted to get control of the latter fountain, move it to some other locality, and put Williams in charge of it.   "Shropshire & Colyar were behind in the payment of the rent" for the plaintiff's fountain, "in the sum of $110.00, and were not willing to deliver said fount to petitioner," unless the plaintiff "should release them from paying the said $110.00." English, Venable, Williams, and the Atlanta Soda Company, to induce the plaintiff to get possession of said fountain at once and lease the same to Williams, each and all, promised and agreed to pay the plaintiff said sum due by Shropshire & Colyar.   "Because of said promises and agreements, petitioner, to get the immediate possession of said fount, released said

Shropshire & Colyar from their lease contract and the payment of the said $110.00, . . got possession of said fount, and leased and delivered the same to W. H. Williams under a lease contract," a copy of which was attached to the petition, and Williams was in possession thereof and he and Venable were operating it in another part of the city. The agreement of English, Venable, and the Atlanta Soda Company with the plaintiff, to pay the $110.00, was verbal, and the agreement of Williams to pay the same was in writing and included in his lease contract. In the written contract of lease between the plaintiff and Williams, which was attached as an exhibit to the petition, it appeared that Williams leased the soda-fountain for five years, at twenty-five dollars per month, and, among other things, obligated himself to pay the plaintiff "the sum of $110.00 back rent due them by J. S. Colyar, this amount to be paid before the apparatus is moved from its present position." Two of the defendants, English and the Atlanta Soda Company, demurred to the petition upon the following grounds:  " 1. Because said petition sets out no cause of action against these defendants.  2. Because the indebtedness alleged to be due is shown by said petition to be an indebtedness claimed by the plaintiff as due to it by Shropshire & Colyar, and it is not claimed in said petition that these defendants assumed said indebtedness, and promised to pay the same, in writing, and these defendants are not bound therefor, in law.  3. Because said petition shows that the indebtedness sued on is the individual indebtedness of one W. H. Williams, which said Williams had obligated himself to pay to the plaintiff by making a written contract with the plaintiff therefor.  A copy of said written contract between the plaintiff and the said Williams is attached to said petition, and shows upon its face that these defendants are not parties thereto nor bound thereby."  The demurrer was overruled, and English and the Atlanta Soda Company excepted.

1. It is clear to us that the petition set forth a cause of action against English and the Atlanta Soda Company, and such performance on the part of the plaintiff of the conditions upon which their parol promise was based as to take such promise out of the statute of frauds.  According to the allegations of

the petition, there was not only part but complete performance on the part of the plaintiff of these conditions. The consideration for the promise of the defendants to pay to the plaintiff the $110.00 due to the plaintiff by Shropshire & Colyar was, that the plaintiff should get Shropshire & Colyar to surrender their lease of the soda-fountain and, after obtaining possession of the fountain, lease the same to Williams, who would move it to and operate it in a locality where it would not compete with the fountains of the defendants, English, Venable, and the Atlanta Soda Company. The plaintiff did obtain a surrender of the lease from Shropshire & Colyar, got possession of the soda fountain, and leased it to Williams, who moved it to a different part of the city, where he and Venable, another of the defendants, are operating it. In order to procure from Shropshire & Colyar a surrender of the lease which they held upon the fountain, it was necessary for the plaintiff to release them from all liability for the unpaid rent, which amounted to $110.00. This the plaintiff did, upon the faith of the promise of the defendants to pay this indebtedness. The plaintiff released its original debtors and accepted in their stead the defendants, who, to subserve their own interests, assumed the obligation. Shall the plaintiff now, after having fully complied with the conditions upon which the defendants assumed this debt and having released its original debtors, be denied the right to enforce the debt against the defendants? To state the proposition is to answer it. Taking the allegations of the petition to be true, there has not only been such performance on the part of the plaintiff as would render it a fraud of the parties refusing to comply, if the court did not compel a performance on their part, but there has been performance on the side of the plaintiff, accepted by the defendants, in accordance with the contract. Clearly, then, the statute of frauds does not prevent the promise of the defendants from being binding upon and enforceable against them. Civil Code, § 2694.

2. We do not think there is any merit in the third ground of the demurrer. The petition clearly shows that the promise upon which the defendants other than Williams were sued was their parol promise to pay to the plaintiff the debt due it

by Shropshire & Colyar. There is no effort to make the other defendants parties to or liable upon the written contract of Williams to pay the same debt, and the rule relied upon by counsel for plaintiffs in error, that a written contract can not be added to or taken from by parol evidence is not applicable.

*Judgment affirmed. All the Justices concurring.*