## 1137.   FOLEY & WILLIAMS MANUFACTURING COMPANY
### *v.* BELL & HARRELL.

1. A bond purporting to have been executed by a corporation through an agent or officer thereof, and bearing either the common corporate seal or a scroll or similar device for the nonce, adopted in substitution for the regular seal, will, in the absence of proof to the contrary, be presumed to be the corporate act and deed; and a certiorari bond so executed is valid.

(*a*) Corporate existence is connoted by the corporate name Foley & Williams Manufacturing Company.

(*b*) The attorney at law of a plaintiff in certiorari has adequate statutory authority to execute the usual certiorari bond in behalf of his client.

2. Where the only surety on a certiorari bond purports to be a corporation, and its signature thereto, although accompanied by an impression of the corporate seal, does not appear to have been affixed by an officer or a general agent, or an agent specially authorized to act in the particular case, but purports to have been made by an attorney in fact, the bond is not sufficient, unless it is accompanied by the power of attorney through authority of which it has been executed; and it is then not sufficient unless the power of attorney expressly or by reasonable implication authorizes, either generally or specially, the designated attorney in fact to execute such a bond in its behalf as surety.

Certiorari, from Grady superior court—Judge Spence. March 3, 1908.

Submitted June 12,—Decided June 18, 1908.

*J. E. Ricketson,* for plaintiff.

*Ledford & Terrell,* for defendants.

POWELL, J. The plaintiffs in error were the plaintiffs in a certiorari. The certiorari bond was signed: "Foley & Williams Mfg. Co. (L.S.), per S. A. Ribola, Treasurer; also by its attorneys at law, Ricketson & Hale (L.S.), United States Fidelity & Guaranty Co. (L.S.), by its attorney in fact, T. H. Parker, (L.S.) ;" and the corporate seal of the guaranty company was attached. In the superior court a motion to dismiss the certiorari, for lack of a sufficient bond, was sustained; and the plaintiffs in certiorari bring error.

1. The defendant in error seeks to sustain the judgment on two grounds: (1) that the execution of the bond by the principal does not appear, and (2) that the power of attorney in fact to sign for the surety does not appear in the record. The first point is not well taken. Corporate existence is connoted by the corporate name, "Foley & Williams Mfg. Co." *Ayer* v. *State, 2 Ga. App.* 158 (58 S. E. 374), and cases cited.

A bond purporting to have been executed by a corporate agent or officer, and bearing either the common seal of the corporation or a scroll or similar device for the nonce adopted in substitution for the common seal, will, in the absence of proof to the contrary, be presumed to be the corporate act and deed; and a certiorari bond so executed is prima facie valid. *New York Life Ins. Co.* v. *Rhodes,* ante, 25 (60 S. E. 828) ; *Solomon's Lodge* v. *Montmollin, 58 Ga.* 547. See also *American Investment Co.* v. *Cable Co.,* ante, 106 (60 S. E. 1037). Further, by statute the attorney at law of a plaintiff in certiorari has ample authority to execute the bond in behalf of his client. Civil Code, §4637.

2. We think the point as to the signature of the surety in this case is well taken. It is accompanied by the corporate seal, but purports to have been signed, not by an officer of the corporation, but by an attorney in fact. In the case of *New York Life Ins. Co.* v. *Rhodes,* supra, Judge Russell, speaking for the court, as to the execution of a certiorari bond in behalf of a corporation, said: "Where an agent has signed with a seal, the courts are to presume that he did not exceed his authority. The seal itself, prima facie, imports proper authority." Also, "either a general agent or a special agent can execute a certiorari bond. . . Where the bond appears under seal, authority to execute it will be presumed." A careful reading of the whole opinion in that case, and the decisions on which it is based, will show, however, that it was not intended to overturn the principle, announced by the Supreme Court in the case of *Southern Express Co.* v. *Wheeler, 72 Ga.* 210, that a certiorari bond signed by one as an attorney in fact should be accompanied by the power of attorney. See *Am. Inv. Co.* v. *Cable Co.,* supra. The person signing as attorney in fact does not purport to be a general agent of the corporation, nor yet a special agent for the purpose of doing the particular act of signing the bond; per contra, the designation "attorney in fact" primarily

denotes that all the authority the person so signing possesses is contained in a written power of attorney. While the corporate seal affixed to the signature may give prima facie authenticity to the fact that the signer holds a power of attorney of some sort from the corporation, yet that writing is itself the highest evidence of its contents and of the scope and limitations of the powers contained in it. It is for the court to say, upon an inspection of the writing, and not for the attorney in fact to say, from his opinion of it, whether it gives the power to execute the bond or not. Since the signature of the surety corporation, though accompanied by the common seal, is not also accompanied by, the signature of any one purporting to be an officer of the corporation, or a general agent, or an agent specially authorized for the particular purpose, the court did not err in dismissing the certiorari, for lack of a proper bond.　　　　　*Judgment affirmed.*