11627. SMITH v. BRADSHAW.

STEPHENS, J. 1. Where it is agreed in an oral contract for the sale of goods that the seller is not to perform until the purchaser has negotiated a contract for resale, the negotiation of such a contract for resale by the purchaser in compliance with the condition is not such a part performance of the original contract as will take it out of the statute of frauds, if there has been no acceptance and receipt of a part of the goods by the buyer, nor any giving of earnest money to bind the bargain or any part payment; such part performance by the buyer not being such part performance of the contract as would render it a fraud of the party refusing to comply. Civil Code (1910), §§ 3222(7), 3223(3).

2. Where two parties simultaneously agree with a third party to sell to the latter certain goods which are in two separate and distinct lots, one lot being the property of one of the sellers and the other lot being

the property of the other seller, the transaction constitutes two separate and distinct contracts, although one of the sellers is the agent of and acts for the other seller and only one agreement is made; and a delivery by one of the sellers of the goods bought is not such a part performance of the contract of the other party as will take the latter contract out of the statute of frauds.

3. In a suit by the purchaser against one of the parties to such a contract, where it appeared from the petition that the contract sued on was in parol, and it did not appear that the contract was taken out of the statute of frauds, the petition was properly dismissed upon demurrer upon the ground that the contract sued on was not enforceable, as being within the statute of frauds.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 15, 1921.

Action on contract; from Floyd superior court — Judge Wright. June 3, 1920.

*Bunn & Trawick, Willingham, Wright & Covington,* for plaintiff.

*Maddox & Doyal, Nathan Harris,* for defendant.