## MARSTON v. DOWNING CO., Inc.
### No. 7360.

Circuit Court of Appeals, Fifth Circuit.
Oct. 23, 1934.

Francis M. Oliver, of Savannah, Ga., for appellant.

Millard Reese and E. Way Highsmith, both of Brunswick, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

A. B. Marston sued the Downing Company for a breach of contract, and a general demurrer was sustained mainly by reason of the Statute of Frauds (Civ. Code Ga. 1910, § 3222). The petition stated the contract thus: "On or about the 6th day of November, 1928, your petitioner was employed by the Downing Co. Inc., through Mr. W. B. Gillican, its president and controlling stockholder, to take charge of and operate the grocery, dry-goods, cooper shop and Tifton Branch departments of the Downing Co., Inc., for the years 1929 and 1930 upon the basis of a cash salary of $3500.00 per year and in addition thereto a commission of 5% of the net profits made by your petitioner in the operation of said departments of the Downing Co. Inc., in the years 1929 and 1930 respectively." An amendment added that there was an oral confirmation of the contract on November 6, 1928, but that the original contract was made with Gillican on the 20th of August preceding, and was then confirmed in writing by Vizard, a vice president of the company, through a letter sent to petitioner with copy to Gillican, which letter was quoted in part as follows: "My understanding of the arrangement made between Mr. Gillican and yourself covering your moving to Brunswick and taking charge of the merchandise end of Downing Co. Inc., is that you are to be paid a salary of $3500.00 per year and further are to be paid a commission on net profits of the merchandise end of the Downing business agreeable to Mr. Gillican and yourself." No reply to the letter is alleged. The petition further sets up that the petitioner closed out his former business and moved from New Orleans to Brunswick, Ga., and performed the stipulated services; that inventories to ascertain profits were made at the end of each year participated in by Gillican on which net profits were ascertained of $102,079.12 for 1929 and $40,376.63 for 1930, petitioner's share being 5 per cent.; that he was paid his salary, but at Gillican's request payment of the commissions was deferred because of the condition of the company's business, and the commissions, though since demanded, have never been paid.

The rule of practice in Georgia is that a defense of the Statute of Frauds ought to be made by plea; but if the petition affirmatively shows that the contract claimed is not evidenced by writing and is within the statute a demurrer on that ground may be sustained. Marks & Powell v. Talmadge's Sons & Co., 8 Ga. App. 557, 69 S. E. 1131. It is here conceded that the contract claimed with Gillican in August and its confirmation in November were oral. The letter of Vizard written between the two times may have evidential value as an admission that there was a contract and that Marston was to have commissions in addition to a salary, but it is not a memorandum in writing of the oral contract which is set up in the petition, because it does not cover all its terms. Lester v. Heidt, 86 Ga. 226, 12 S. E. 214, 10 L. R. A. 108; Hightower v. Ansley, 126 Ga. 8, 54 S. E. 939, 7 Ann. Cas. 927; Morris v. Virginia-Carolina Chemical Corporation, 48 Ga. App. 702, 173 S. E. 486. It fails to state that the term of service covered the years 1929 and 1930, or that 5 per cent. commissions were to be paid. On the other hand, since it does not purport to be the contract itself, it will not interfere with the use of parol evidence to show what the full contract was. Barclay v. Hopkins, 59 Ga. 562; Civ. Code 1910, § 5791. The contract sued upon, therefore, must be proven by parol, and being one not to be performed within a year is within the Statute of Frauds unless saved by some exception touching performance.

The English statute was originally of force in Georgia. In Johnson v. Watson, 1 Ga. 348 (1846), an overseer was orally hired by a landowner for two years and was to receive for his services a certain slave girl. He rendered the services, and during that time had possession of the slave, but the landowner had her in possession when the service was concluded and declined to surrender her, and on being sued for her set up the Statute of Frauds. The court strongly intimated that full performance of the services alone would take the case out of the statute, and held that the overseer's original possession of the slave might show that the landowner also had performed, and that certainly performance by both sides would suffice; the statute having no application to executed contracts. In 1854 the Legislature enacted that the fourth section of the Statute of Frauds "shall not operate in cases where there has been a per-

formance of the agreement either in whole or in part." Acts 1853–54, p. 58. The Code of 1863 restated the provisions of the Statute of Frauds, and made the following exceptions which are still of force: "The foregoing section does not extend to the following cases, viz.: 1. When the contract has been fully executed. 2. Where there has been performance on one side, accepted by the other in accordance with the contract. 3. Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." Civ. Code 1910, § 3223. The case turns wholly upon this statute, and decisions in other jurisdictions are without authority. Plainly the contract has not been fully executed, because the complaint is that the Downing Company refuses full performance. But there is alleged full performance by Marston of all that he was to do. It is, however, contended that there is no allegation that his performance was accepted by the company in accordance with the oral contract, as required by the second exception. An allegation in those words would be in the nature of a conclusion. The demurrer is general and does not particularly complain of the absence of the statutory words. The facts as pleaded well authorize an inference of acceptance according to the contract, and could hardly mean anything else. Marston's services were open and long continued, and involved control of the business of the company. They must have been known to it, and must have been referred to some contract. The president each year assisted in a stocktaking. The salary promised was paid, and request made by him to defer payment of the commission. All this if proven would well show full performance by Marston, accepted by the Downing Company in accordance with the parol contract, rendering operative the second exception to the Statute of Frauds.[1]

■ It is contended further by Marston that his closing out his former business and moving to Brunswick on the faith of this contract was by itself such a part performance of the contract as would, under the third exception to the statute, make it a fraud in the company to refuse fully to comply. If these things were required by the terms of the contract, the doing of them would be a part performance of it; but if they are no part of the contract, the doing of them would not be performance of it, although Marston had to move in order to enter upon this new employment and did so on the faith of it. His act would be only preparatory to his performance of the contract. It would not satisfy the third exception to the statute. Bentley v. Smith, 3 Ga. App. 242, 59 S. E. 720; Lewis v. Southern Realty Investment Co., 42 Ga. App. 171, 155 S. E. 369; Morris v. Virginia-Carolina Chemical Corp., 48 Ga. App. 702, 173 S. E. 486. See, also, Marshall v. Hicks, 159 Ga. 871, 127 S. E. 273; Girardot v. Girardot, 172 Ga. 230, 157 S. E. 282. Vizard's letter indeed refers to Marston's moving to Brunswick; but we have held that letter not to be the contract. The oral contract alleged in the petition does not contain such a term. The court did not err in rejecting the amendment which attempted to set up such removal as part performance of the contract.

■ It is contended by appellee lastly that contracts for personal services are not recognized as governed by the second exception to the Georgia Statute of Frauds, because any one who had worked for another and been paid something could claim an oral contract for more pay, thus nullifying the statute in all such cases, and decisions are cited to show that entrance upon the service does not relieve the statute. Bentley v. Smith; Lewis v. Southern Realty Investment Co.; Morris v. Virginia-Carolina Chemical Corp., supra. The first-stated objection applies to any kind of case of full performance by the plaintiff; for he can always set up something additional to be done or paid on the other side. The law of the second exception is that the uncertainties of parol evidence had better be endured rather than cut off inquiry as to what the other party was really bound to do for the one who had already fully executed his own obligation. That merely entering on a service is insufficient is apparent, for it is not full performance under the second exception. It is part performance under the third exception, but ordinarily it does not raise a situation where a fraud would result if the servitor were merely paid on a quantum meruit for what he has done.

The petition should not have been dismissed on demurrer, but should have been put to trial. English v. S. P. Richards Co., 109 Ga. 635, 34 S. E. 1002; In re Stone-Moore-West Co. (D. C.) 292 F. 1004.

The judgment is reversed, and the case remanded for further proceedings not inconsistent herewith.

[1] The same result has been reached in other states without the aid of a statutory exception. Diamond v. Jacquith, 14 Ariz. 119, 125 P. 712, L. R. A. 1916D, 880 and note on page 890.