### 27827. PORTERFIELD *v.* CITY OF LAGRANGE.

DECIDED SEPTEMBER 22, 1939.

*Grover C. Powell, W. A. Mason,* for plaintiff in error.

*J. T. Thomasson,* contra.

GUERRY, J. The defendant was convicted in the recorder's court of LaGrange. She presented and had sanctioned her petition to the superior court of Troup County for certiorari. On the hearing the defendant in certiorari moved to dismiss the writ, on the grounds that no proper certiorari bond had been filed, that no notice of sanction had been served on the opposite party, and that the petition was defective for the alleged reason that it failed to set forth that the bond given was payable to the municipality, or that it provided for the personal appearance of the plaintiff to abide the final result, judgment, or order of the court. The court sustained this motion and dismissed the certiorari.

It affirmatively appears from the petition that the defendant, desiring to apply for the writ of certiorari, she gave the required notice of her intention, and that "she has given bond in the amount assessed by said recorder for her appearance to abide the final order, judgment, or sentence of said court or the superior court in said case, which bond has been attested, accepted, and approved and filed by the clerk of said recorder's court; a certified copy of said bond is hereto attached and marked exhibit E." The exhibit attached, together with the certificate of the clerk of the recorder's court, shows that the bond is made payable unto the City of LaGrange and is conditioned that "if the said Marie Porterfield shall personally appear and abide the final order, judgment, or sentence upon her in said case, then this bond to be void; otherwise of force." It is signed by the principal under seal, and by "United States Fidelity and Guaranty Company, by K. D. Burgess Jr., General Agent (seal)," as security. There is a sufficient allegation in the petition, as to the making of the bond, to comply with the requirements of the law. The bond itself is conditioned to appear and abide the final judgment, and it measures up to the necessary requirements.

The point is made that the authority of the agent executing the bond on the behalf of the security does not sufficiently appear. In addition to the signature quoted above, the bond has the following: "Countersigned, C. L. Traylor, atty. in fact for United

States Fidelity and Guaranty Company," and no power of attorney to C. L. Traylor is attached to or appearing in the record. The defendant in error relies on *Southern Express Co.* v. *Wheeler*, *72 Ga.* 210, *Bass* v. *Masters*, 5 *Ga. App.* 288 (2) (63 S. E. 24), *Foley & Williams Manufacturing Co.* v. *Bell*, 4 *Ga. App.* 447 (61 S. E. 856), and other decisions to the same effect. It will be noted in all these cases that the security's name was signed by one who denominated himself the attorney in fact for the security. In such an event it is essential that the power of attorney showing the authority to sign be attached to and made a part of the bond. The security on the bond in this case purports to be a corporation, and as such necessarily acts by an agent. The bond is signed by the corporation by and through its general agent, Burgess, and has a seal attached. In *Bass* v. *Masters*, supra, it was said: "A certiorari bond may be executed by an agent. It will be presumed prima facie that one who has executed such bond as agent was duly authorized to do so, unless it affirmatively appears that the agency was created by an undisclosed power of attorney." *New York Life Insurance Co.* v. *Rhodes*, 4 *Ga. App.* 25 (60 S. E. 828); *Foley & Williams Manufacturing Co.* v. *Bell*, supra. In *New York Life Insurance Co.* v. *Rhodes*, supra, it was said: "Where an agent has signed with a seal, the courts are to presume that he did not exceed his authority. The seal itself, *prima facie*, imports proper authority." Counsel for the defendant in error insists that the countersignature of C. L. Traylor was necessary to the validity of the bond, and, as no power of attorney is attached, the bond is not shown to be properly executed. If it appeared that such countersignature was necessary to make the bond valid, we would agree; but it nowhere appears that the signature of C. L. Traylor was necessary; and such being the case, we think the bond given was a proper bond, and that the court erred in dismissing the certiorari on the ground that it was not a legal bond.

A further ground of the motion to dismiss was that it did not appear that notice of the sanction had been given to the opposite party ten days before the hearing on the petition. A full and complete notice of the sanction of the petition for certiorari, and the time and place of hearing, addressed to the City of LaGrange or its attorney at law, is contained in the record, which notice contains a certificate of counsel, undated, that they served the same

by delivering a copy to J. T. Thomasson, attorney for the City of LaGrange. Although it appears that such notice is undated, it further appears that in October, 1938, counsel made an affidavit and a certificate which he attached to the record that he served the notice, as set out in the petition, by delivery of a copy of the same to counsel for the City of LaGrange on July 27, 1938. Inasmuch as the case was not heard and disposed of until May, 1939, we think the record shows that the requirement as to notice of the sanction and time of hearing had been fully complied with. It was error to dismiss the certiorari before passing on the merits of the petition.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*