## DELINSKI *v.* DUNN *et al.*

No. 17036.    APRIL 10, 1950.    REHEARING DENIED MAY 11, 1950.

*Randall Evans Jr.*, and *Alex Boone Sr.*, for plaintiff.

*Eugene Cook, Attorney-General, Durwood T. Pye*, and *J. R. Parham, Assistant Attorney-General*, for defendants.

ALMAND, Justice. ■ Error is assigned on the refusal of the trial judge to sustain the motion of the plaintiff in error to dismiss the petition for certiorari. We will discuss these grounds separately.

(a) It is contended that the bond executed by the petitioner in certiorari was insufficient, because it was not dated, it was not payable to the defendant in certiorari, and the petition did not allege that the bond was approved and filed.

The bond as executed by the petitioners in certiorari, after naming certain persons as principals, recites: "The condition of this obligation is such that whereas, said principals are suing out a writ of certiorari in the superior court of said State and County, in re: William Randolph Delinski vs. J. C. Dunn, et al., from the ordinary's court. Now, therefore, should said principal promptly pay the eventual condemnation money, to-

gether with all future costs in said matter as may be required by law, then this bond to be void; otherwise of full force and effect." An entry on the bond showed that it was attested and approved by the ordinary. Though no date appears on the bond, attached to it are two certificates of the ordinary, dated September 14, 1949, certifying that the bond attached to the petition was a true and correct copy of the original bond on file in the ordinary's office, and that all costs had been paid and a bond with security given as required by law. The order of the ordinary complained of is dated August 18, 1949, and the writ of certiorari was issued on September 14, 1949. The ordinary certified on September 14, 1949, that the bond had been given. Though the bond itself bears no date, this certificate is at least prima facie evidence that the bond was given on that date. *Chapple* v. *Tucker*, 110 *Ga.* 467, 468 (35 S. E. 643). Though the bond does not specifically name an obligee, it recites the names of the parties in the cause in which it was given, and the principals are named in the bond, which obligates them to pay the eventual condemnation money together with all future costs. The bond given shows a substantial compliance with the provisions of Code § 19-206. See § 102-102 (6). Reference to paragraph 17 of the petition plainly shows that the bond required by law had been given and filed. This ground is without merit.

(b) It is next contended that the writ of certiorari did not properly identify the case and parties therein, in that the writ refers to the parties "on one side of the case" as "J. C. Dunn et al.," and such description does not identify the other persons named in the petition for certiorari. This ground is without substance. The petition for certiorari names as petitioners all who were named as defendants in the habeas corpus proceedings, and the ordinary in his answer entitled the case as that of "William Randolph Delinski *v.* J. C. Dunn et al.," and the writ and petition, taken together, sufficiently identify the case as well as the parties.

(c) It is contended that the record does not show that a copy of the writ of certiorari had been served on the ordinary. This ground is not supported by the record, for the reason that there appears in the record a written acknowledgment of the ordinary dated September 14, 1949, in which he acknowledged service of

the petition and writ, and that the petition and writ had been left with him.

(d) It is next asserted that no proper notice of the sanction of the writ of certiorari was given to Delinski. Under Code § 19-212, notice of the sanction of the writ may be given to the opposite party or to his attorney. Service of a notice of sanction, signed by one of counsel for petitioners, notifying him of the sanction of the certiorari and of the hearing of the case on December 5, 1949, is shown by the affidavit in the record of the same counsel who signed the notice, that the written notice was personally given to Randall Evans Jr. on September 17, 1949. It appears without dispute that the said Evans, to whom the notice was given, was the same person who as an attorney represented Delinski in the hearing before the ordinary. We hold that such service complied with the provisions of Code § 19-212. See *Porterfield* v. *LaGrange,* 60 *Ga. App.* 646 (2) (4 S. E. 2d, 432).

(e) It is contended that there were no legal assignments of error in the petition for certiorari. The petition for certiorari assigns error on the judgment of the ordinary discharging Delinski on the habeas corpus proceeding, as (a) being contrary to law, (b) without evidence to support it, and (c) being contrary to the principles of justice and equity. These assignments are sufficient to withstand a motion to dismiss. *Harwell* v. *Marshall,* 125 *Ga.* 451 (1) (54 S. E. 93).

There was no error in the order refusing to dismiss the petition for certiorari.

■ Under the provisions of Code § 19-502, in any case where a certiorari is brought in the superior court from a judgment of the court of ordinary, and the judge to whom the writ of certiorari is directed answers "that he cannot or does not remember or recollect what occurred at the trial of the case, and he therefore cannot or does not make answer to the same, it shall be the duty of the judge who granted the writ of certiorari forthwith, either in term time or vacation, to order a new trial to be had upon the case in the court below." The ordinary, in answering the petition for certiorari in this case, made no attempt to admit or deny any of the allegations that were made in the petition. In his answer he said: "I wish to state further

that my recollection of the events of the trial does not coincide with the statements in the petition for certiorari. I do not remember all, and may I say even most, of the testimony, but there are many mistakes in the oral and written evidence. At the same time I cannot remember the whole case well enough to set it out in full or I would gladly do so. . . I regret that I cannot make a full and complete answer, but I cannot verify the truthfulness of the petition under the circumstances." He did not point out in his answer in any manner the incorrectness or insufficiency of any allegation made in the petition, nor attempt to state what transpired upon the trial, or what evidence was adduced before him. The answer of the ordinary was incomplete and insufficient. Such answer brought the case within the mandatory provisions of the Code section referred to above, and under its terms the trial judge properly ordered a new trial to be had before the ordinary. It was not error to enter such order without first passing specifically on the exceptions of petitioners in certiorari to the answer of the ordinary and on the traverse of the defendant. In effect, the court did pass upon said exceptions, because the primary basis of all the exceptions was that the answer of the ordinary was incomplete and insufficient to constitute a proper answer. The court having held that the purported answer of the ordinary did not in law constitute an answer, it became unnecessary to pass on the traverse.

The order of the court reversing the judgment of the ordinary and ordering a new trial is

*Affirmed. All the Justices concur.*