38632.   SPIEGEL v. HAYS *et al.*

DECIDED FEBRUARY 24, 1961—REHEARING DENIED MARCH 9, 1961.

296

*M. Neil Andrews, Marvin O'Neal, Jr.*, for plaintiff in error.
*Moise, Post & Gardner, Allen Post, Kelley Quillian, James C. Hill*, contra.

TOWNSEND, Presiding Judge. ■ It is clear that this petition intends to declare upon a written contract and no other, and it is equally clear that the contract intended to be declared upon is attached as an exhibit to the petition in its entirety and denominated "Exhibit A." Being so attached and before this court, it alone can be looked to to determine all of its terms and conditions, not only as to its subject matter and date of execution, but as to the parties who entered into it and every other element essential to its validity. If the defendants can admit all that is set out therein and still escape liability, then the petition is of course subject to general demurrer. Where copies of the instument sued upon are attached to a petition as exhibits, the exhibits and not the allegations of the petition will control as to the contents and legal effect of the instrument. *Strickland v. Lowry Nat. Bank,* 140 Ga. 653 (2) (79 S. E. 539); *Williams v. Appliances, Inc.,* 91 Ga. App. 608 (4) (86 S. E. 2d 632); *Hurt & Quinn v. Keen,* 89 Ga. App. 4, 6 (2) (78 S. E. 2d 345); *Vandiver v. Endicott,* 215 Ga. 250 (109 S. E. 2d 775).

Looking alone, then, to the copy of the contract as set out and contained in Exhibit A, it is subject to three fatal defects. In the first place, it is not signed. Being an unsigned document, it has no legal efficacy whatever, and it is possible for the defendants to admit everything therein contained and still escape liability on the ground that they are not bound thereby. In the second place, it shows on its face that it is intended to be a contract between the plaintiff and Hays, Byrd and Brooks Motor Co., whereas Hays, Byrd and R. C. Brooks are the defendants named in the petition. The liability of the contracting parties, if any, is joint and not joint and several, from which it follows that unless the proper parties are joined in the action the petition will not set forth a cause of action against any of them. *Wall v. Wall,* 176 Ga. 757 (168 S. E. 893). It is argued that the allegations of the petition show a disclosed agency as between Brooks Motor Co. acting for R. C. Brooks and the plaintiff, and that in such a case the disclosed principal and not the agent is the proper party against whom the action should be brought, but this argument ignores the provision of the contract itself which recites that it represents the entire agreement from

which there can be no deviation except in writing, and the petition utterly fails to allege any writing purporting to bind R. C. Brooks rather than Brooks Motor Co. The substitution of one party for another in a contract is certainly a material deviation, and where the contract itself recites that it contains the entire agreement, it can hardly be contended that such a contract will permit one of the parties to show by parol that another than the person named therein was in fact the one intended to be bound. Even if there were no such provision in this contract form, and even if it were presumed that the parties did in fact sign it in the manner alleged, there would still be no way of determining whether or not they signed under seal. If the attached exhibit is complete, it is not signed at all, and is accordingly no contract. If the original was signed, seals may be recited and shown. If under seal, then this would of itself prohibit the plaintiff from bringing this action in the form in which it is here brought against one whose signature does not appear thereon. *Harp v. First Nat. Bank of Reynolds,* 173 Ga. 768 (2) (161 S. E. 355). A petition must be construed against the pleader, and the plaintiff must allege every material traversable fact upon which it is necessary for him to rely for recovery. The pleader here has not only failed to set out an enforceable contract, for the reason that the contract on which he relies for recovery appears not to have been signed at all, but he fails to show facts which would entitle him to recover on this contract in any event against the parties named by him as defendants. And, thirdly, the contract is also subject to the defect that, while it purports to contain the entire agreement between the parties, it utterly fails to place any obligation upon the plaintiff to return the sum of money to be borrowed by him, which alone would seem to make it too vague and indefinite to be enforceable. *Morgan v. Hemphill,* 214 Ga. 555 (105 S. E. 2d 580).

■ The petition is also subject to other defects than those inherent in the contract itself. Even if it could be assumed that there existed a written contract sufficiently definite to be enforceable, and that the parties to that contract were in fact the persons sued as defendants in this action, yet while the petition alleges that the agency of R. C. Brooks Motor Co., a

corporation, for R. C. Brooks as an individual was known to Brooks and the plaintiff, it fails to allege that such agency was disclosed to the codefendants Hays and Byrd. A contract depends upon the mutual consent of all of the parties thereto, and the provisions of a written agreement cannot be changed by the consent of less than all of them. *Southern Feed Stores v. Sanders*, 193 Ga. 884 (3) (20 S. E. 2d 413). It is a general rule that the terms of a tripartite agreement cannot be modified to the detriment of one of the parties by the others without his consent. 17 C. J. S. 860, Contracts, § 375. The liability of the lenders here is joint, and it is easily recognizable that two of three lenders might be willing to obligate themselves to a third person along with X lender and most unwilling to do so jointly with Y lender. It is not alleged whether it would be an advantage or a detriment to the other defendants to contract with Brooks, an individual, rather than with the corporation, or whether it would be a matter of indifference to them. They would have a right to object to another joint contractor being substituted in the place of the one with whom they bound themselves, and they have objected by demurrer on the grounds that they are entitled to be sued jointly with the contracting corporation, if at all, and not with another. These grounds of demurrer were also well taken.

■ A third defense interposed by the defendants' demurrers is that of the statute of frauds, which was first raised by renewed demurrers to the petition after it first became apparent through an amendment that the plaintiff was relying solely upon an oral statement of R. C. Brooks to the plaintiff to the effect that the corporation in signing the contract was acting as his agent. The demurrer, being raised at the first opportunity, was timely, whether considered as a general or special demurrer. See in this connection *Herbener & Son v. Boston Oil &c. Co.*, 17 Ga. App. 437 (87 S. E. 607).

The question of whether the agreement to provide the plaintiff with a certified check in a given amount is such as comes within the purview of the statute of frauds is a knotty one. If so, it is because of the provisions of *Code* § 20-401 (7) relating to "any contract for the sale of goods, wares and merchandise in exis-

tence or not in esse, to the amount of $50 or more." Under our *Code* § 12-501, all loans for consumption where the article is not to be returned in specie, but in kind, must be considered as a sale. It is possible that the General Assembly intended this section to apply to property other than money. However, under the authority of *Hightower v. Ansley*, 126 Ga. 8, 10 (54 S. E. 939, 7 Ann. Cas. 927), the words "Goods, wares and merchandise" should not be given their literal meaning but should include "That personal property which is capable of assignment or transfer." Since a certified check is personal property capable of assignment, it falls within this category, and since the value of the check but not the check itself was to be returned, it is the equivalent of a sale so far as its legal effect is concerned. It accordingly follows that the agreement, if not in writing, would be within the statute of frauds unless removed from its operations by one of the exceptions contained in *Code* § 20-402. "When writings are relied upon to take a transaction out of the statute of frauds, they must be complete within themselves, and they must contain the entire agreement, must disclose the subject matter, the parties thereto, and all the terms of the undertaking. *F. & W. Grand &c. Stores v. Eiseman*, 160 Ga. 321 (1) (127 S. E. 872)." *Cashin v. Markwalter*, 208 Ga. 444 (3) (67 S. E. 2d 226). Under *Code* § 4-105 the act creating the agency must be executed with the same formality as the law prescribed for the execution of the act for which the agency is created, and this applies where a contract which is required to be in writing under the statute of frauds is executed by another as a disclosed agent for the person intended to be bound, and in such case the authority of the principal to the agent to so sign must also be in writing. *Byrd v. Piha*, 165 Ga. 397 (2) (141 S. E. 48); *Holland v. Riverside Park Estates*, 214 Ga. 247 (104 S. E. 2d 83). It appears from the petition here that the authority given by R. C. Brooks to the Brooks Motor Co. to sign for him was oral, and accordingly the demurrers based on the statute of frauds were also properly sustained.

There was no such part performance of this contract as would render a refusal to comply a fraud against the plaintiff and thus

remove the contract from the statute of frauds under *Code* § 20-402(3). That part performance which will remove a contract from the statute of frauds refers to performance of the provisions of the contract and not to acts done by one because of his belief in and reliance on the agreement. In *Smith v. Bradshaw*, 26 Ga. App. 304 (1) (106 S. E .20), it was held that an oral agreement for the purchase of goods not to be performed until the purchaser had negotiated a contract for resale, was not partly performed by the purchaser's negotiating the second contract. Here, the contract to lend money with which the plaintiff intended to purchase a specified amount of stock in another corporation was not partly performed by the plaintiff negotiating with the owners of the stock and arranging to purchase the same after he received the funds. Nor was there a part performance where the plaintiff agreed to pay a brokerage fee to the defendants jointly in cash upon consummation of the purchase of the stock from the proceeds of the loan, and where what he actually did was to make out a promissory note in the amount, but payable to the Citizens State Bank of Reynolds (a bank allegedly owned and controlled by the defendant Brooks). This sum was not due at the time; it was not paid in cash, and it was not paid to the defendants. Therefore it constituted no part performance of the contract.

The judgment of the trial court sustaining the demurrers of the various defendants and dismissing the petition was without error.

*Judgment affirmed. Carlisle, Frankum and Jordan, JJ., concur.*