**John ALICE, d/b/a John Alice Export Company**

v.

**ROBETT MANUFACTURING CO., Inc.**

**Civ. A. No. 13352.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 9, 1970.

---

Harmon, Thackston & Smith, Atlanta, Ga., for plaintiff.

Westmoreland, Hall & Bryan, Atlanta, Ga., for defendant.

SIDNEY O. SMITH, Jr., Chief Judge.

This is an action based on diversity of citizenship, plaintiff alleging that he is a citizen of Louisiana and that the defendant is incorporated and has its principal office in Georgia. The complaint is in two counts, one for breach of contract, the other for wrongful interference with a bid. Plaintiff seeks recovery of a judgment in excess of $10,000. The defendant's motion for summary judgment triggers this order.

Plaintiff alleges that in response to an invitation to bid from the General Services Administration, he solicited an offer from the defendant to manufacture certain clothing, which plaintiff intended to supply to the Government. It is undisputed that on April 29, 1969, the defend-ant offered to produce 3,500 shirts at $4.00 each, and 3,500 pairs of pants at $3.00 each for the plaintiff. Plaintiff asserts that he accepted the offer and informed the defendant that its price quotation would be the basis for his bid to GSA.

On or about May 8, 1969, defendant having received the same invitation to bid as had plaintiff, the defendant submitted its own bid to GSA, offering to produce 3,500 "uniforms" at $7.78 each. On June 10, 1969, the defendant was awarded the contract for the production of this clothing. Eleven months later plaintiff filed this action. The thrust of Count I is that having entered a binding sub-contract with plaintiff for the production of this clothing for the Government, the defendant breached that contract by bidding directly with GSA for the same job. The theory of Count II is that the defendant's action wrongfully interfered with plaintiff's contractual relationship with GSA.

## WRONGFUL INTERFERENCE WITH CONTRACTUAL RIGHTS

■ An action for this tort presupposes the existence of a valid, enforceable contract. Where there was no such contract giving plaintiff contract rights to be violated, there is no cause of action for violation thereof. Charles v. Simmons, 215 Ga. 794, 797, 113 S.E.2d 604 (1960); Luke v. DuPree, 158 Ga. 590, 595, 124 S.E. 13 (1924); Studdard v. Evans, 108 Ga.App. 819, 823, 135 S.E. 2d 60 (1964).

■ It is undisputed that plaintiff's bid to GSA was never accepted. There being no valid enforceable contract between GSA and the plaintiff giving him contract rights, an action for interference with contract rights cannot be maintained.

Accordingly, the defendant's motion for summary judgment is granted as to Count II.

## BREACH OF CONTRACT

The thrust of defendant's motion as to Count I of the complaint is that since plaintiff never accepted the defendant's offer, there was never any contract between them.

Apparently, the defendant contends that its offer was in writing. But plaintiff argues, and defendant's letter (Exhibit A, Defendant's Motion for Summary Judgment) shows that on the same day the letter was written the parties had a telephone conversation concerning the defendant's production of clothing for the plaintiff. It is the plaintiff's contention, supported by his affidavit, that during that conversation the defendant made an oral offer which was immediately accepted in the same fashion. Under such a theory, the defendant's letter would serve as a memorandum of the telephonic agreement. In order to recover on this theory, that memorandum would have to satisfy the .statute of frauds, since the alleged transaction involved a sale of goods for more than $500.

Under Georgia law prior to the adoption of the Uniform Commercial Code, a writing was not sufficient to comply with the requirements of the statute of frauds unless it contained *all* the terms of the agreement. *See* Marston v. Downing Co., Inc., 73 F.2d 94, 95 (5th Cir. 1934); Cashin v. Markwalter, 208 Ga. 444, 446, 67 S.E.2d 226 (1951); F. & W. Grand Five-Ten-Twenty-five Cent Stores, Inc. v. Eiseman, 160 Ga. 321, 325, 127 S.E. 872 (1925); Spiegel v. Hays, 103 Ga.App. 293, 300, 119 S.E.2d 123 (1961); Cofer v. Wofford Oil Co., 85 Ga.App. 444, 449, 69 S.E.2d 674 (1952); Wilkerson v. Patton Sash, Door & Bldg. Co., 10 Ga.App. 697, 73 S.E. 1088 (1912). It is clear, however, that Ga.Code Ann. § 109A–2–201 (1962) changes that rule of law. First, the Legislature repealed the old statute of frauds relating to the sale of goods (Ga.Code Ann. § 20–401 ¶ 7) in adopting the Uniform Commercial Code. *See* Ga.Code Ann. § 109A–

10–103. Secondly, according to the Official Comments:

"The changed phraseology of this section is intended to make it clear that:

1. The required writing need not contain all the material terms of the contract and such material terms as are stated need not be precisely stated. All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction. It may be written in lead pencil on a scratch pad. It need not indicate which party is the buyer and which the seller. The only term which must appear is the quantity term which need not be accurately stated but recovery is limited to the amount stated. The price, time and place of payment or delivery, the general quality of the goods, or any particular warranties may all be omitted.

\*   \*   \*   \*   \*   \*

Only three definite and invariable requirements as to the memorandum are made by this subsection. First, it must evidence a contract for the sale of goods; second, it must be "signed" a word which includes any authentication which identifies the party to be charged; and third, it must specify a quantity." U.C.C. § 2–201, Comment 1.

The courts of other states have given effect to the changes which this Comment states were intended. *E. g.* Arcuri v. Weiss, 198 Pa.Super. 506, 184 A.2d 24 (1962) (§ 2–201(1) doesn't require a writing which embodies all the essential terms of the contract); Azevedo v. Minister, 471 P.2d 661 (Nev.1970); and Southwest Engineering Co. v. Martin Tractor Co., 205 Kan. 684, 473 P.2d 18 (1970) (the memorandum need contain only the three elements specified in the Comment).

■ But it does not appear that the letter upon which the plaintiff must rely is a sufficient memorandum to satisfy

even the minimal requirements of Ga. Code Ann. § 2–201. The letter states:

"Confirming our telephone conversation, we are pleased to offer the 3500 shirts at $4.00 each and the trousers at $3.00 each with delivery approximately ninety days after receipt of order. We will try to cut this to sixty days if at all possible.

This, of course, is quoted f. o. b. Atlanta and the order will not be subject to cancellation, domestic pack only.

Thanking you for the opportunity to offer these garments, we are
Very truly yours,

ROBETT MANUFACTURING CO., INC."

Although it is not signed, the defendant admits its authenticity. Nevertheless, it does not evidence a contract for the sale of goods, but very clearly is only an offer.

Neither does it appear that an offer from a manufacturer, to a supplier who is bidding for resale over to a third party contains an implied term prohibiting the manufacturer from submitting its own bid directly to the third party, in competition with the supplier. Certainly, under some circumstances, a restrictive covenant is implicit in the relationship of two contracting parties on the nature of their business. 17A C.J.S. Contracts § 328, n. 41 p. 287 ("Promise not to compete"). But before a court will read an implied obligation into an agreement between two parties, it must appear necessary to do so to effectuate the full purpose of the contract, or seem that the obligation was so clearly within the contemplation of the parties that they deemed it unnecessary to expressly state it, or would have added it had their attention been directed to the subject. 17A C.J.S. Contracts § 328, pp. 288–289. Plaintiff has not cited, nor has the court found any cases indicating that such a restrictive term is part and parcel of the relationship between these parties, or of their business. Moreover in Georgia, where covenants thus in restraint of trade are given effect, it is said that they are not favored, and the courts uphold them only if narrowly drawn. *See, e. g.* Hood v Legg, 160 Ga. 620, 128 S.E. 891 (1925); Wells v. First National Exhibitors' Circuit, Inc., 149 Ga. 200, 99 S.E. 615 (1919).

Accordingly, the defendant's motion for summary judgment must be, and hereby is, granted.

It is so ordered.