**The ORE & CHEMICAL CORPORATION**

v.

**HOWARD BUTCHER TRADING CORP.**

Civ. A. No. 78–123.

United States District Court, E. D. Pennsylvania.

Aug. 23, 1978.

---

Murray S. Levin, Pepper, Hamilton & Scheetz, Philadelphia, Pa., William M. Barron, New York City, for plaintiff.

Richard M. Jordan, White & Williams, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This is an action for breach of contract. The parties have filed cross-motions for summary judgment. The issues presented by these motions are (1) whether as a matter of law plaintiff made a valid acceptance of defendant's written firm offer and (2) if a valid acceptance was made, whether there exists a written memorandum sufficient to take the contract out of the Statute of Frauds. We conclude for reasons set forth below, (1) that the validity of the acceptance depends upon unresolved issues of fact; and (2) if at trial a jury as finder of fact determines that there has been a valid acceptance, then the Statute of Frauds is satisfied by defendant's firm offer since it is signed by defendant as the party to be charged and clearly shows that "the offered

oral evidence rests on a real transaction". Official Comment 1 to § 2–201 of the Uniform Commercial Code.[1]

■ It is undisputed that defendant made a firm offer to sell 15,000 metric tons of DAP fertilizer at $135.00 per ton, which offer was valid until 2:00 P.M. on August 3. The parties' accounts begin to diverge with respect to a telephone call from the plaintiff's employee, Mr. Franz, to defendant's employee, Mr. Gross on the morning of August 3. Plaintiff contends that its employee, Mr. Franz, orally accepted the offer. Defendant's position is that no agreement was reached. In light of this conflict as to the substance of the conversation, a ruling on its legal effect would be improper on a summary judgment motion.

However, the parties agree that during this conversation plaintiff's employee read to defendant's employee at least part of a responsive telex which was intended to be sent to defendant. That telex was later sent to defendant while the firm offer was still valid. Since we have this document before us, we have considered whether as a matter of law it constitutes an acceptance. For the following reasons we conclude that this too requires factual determinations.

As previously stated, the defendant offered to sell 15,000 metric tons of DAP fertilizer at $135.00 per ton. Defendant's offer also included the terms "FOB Tampa, subject to stem". Plaintiff's responsive telex confirmed a purchase of 15,000 metric tons of DAP "plus or minus 10% at buyer's option" at $135.00 per ton, FOB Tampa, "spout trimmed". Plaintiff's telex also included payment and loading terms and incorporated by reference the "Incoterms Paris plus supplement".

■ The inclusion of the payment, loading and Incoterms provisions, not mentioned in defendant's offer, is not necessarily fatal to the alleged acceptance under § 2–207(1) of the U.C.C. Likewise, the term "plus or minus 10%, although it may have materially altered the contract, does not in itself invalidate the alleged acceptance. § 2–207(2) of the U.C.C.; *Ebasco Services Inc. v. Pennsylvania Power & L. Co.,* 402 F.Supp. 421 (E.D.Pa.1975).

■ However, we understand § 2–207 to require a definite expression of acceptance before its provisions apply. Section 2–204, "Formation in General", states that "a contract for sale of goods may be made in any manner sufficient to show agreement . . . ." We do not understand the U.C.C. to change the basic common law requirement that there be an objective manifestation of mutual assent. *Cf. Ebasco, supra* at 439. Therefore, it may be that taken as a whole plaintiff's response does not represent agreement even as to price and quantity.

■ Plaintiff contends that all additional terms included in their telex are standard provisions in this type of transaction. Section 1–205(2), which governs usage of trade, provides that "[t]he existence and scope of such a usage are to be proved as facts." If the additions are usage of trade, they were implicit in defendant's offer and the parties have clearly reached an agreement. Since the existence of usage of trade is a question of fact, that issue cannot be decided on motions for summary judgment.

■ Defendant also contends that even if a contract were formed it is unenforceable under the Statute of Frauds. The applicable statute is § 2–201(1) of the U.C.C.:

Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. . . .

The document signed by defendant as the party to be charged is its firm offer in the

---

1. Applicable state law is not an issue. The parties agree that the Uniform Commercial Code is controlling and both the jurisdictions that would be involved in a resolution of a conflicts question, New York and Pennsylvania, have enacted the Code.

telex of August 3.[2] However, the defendant maintains that this document is defective as a memorandum for the purposes of satisfying the Statute of Frauds. Defendant alleges that by definition an offer cannot be evidence "that a contract has been made".

To support this position defendant places special reliance upon the case of *Alice v. Robett Manufacturing Co., Inc.,* 328 F.Supp. 1377 (N.D.Ga.1970). In that case the plaintiff alleged that the parties had simultaneously exchanged an oral offer and an oral acceptance. In order to satisfy the Statute of Frauds, plaintiff introduced a written offer from the defendant made subsequent to the alleged oral agreement. The defendant did not acknowledge making the prior oral offer. The plaintiff had not attempted an acceptance of the written offer. The court in that case held that the written offer was not a memorandum of any prior oral agreement. The court did not reach the question, which we reach here, of whether a written offer could be a memorandum of contract resulting from an oral acceptance of the offer contained therein. In reference to the *Alice* case, *Williston on Sales* notes, "[t]he finding of this court should not be construed to mean that letters such as that quoted above could not ripen into a memorandum sufficient to meet the needs of the statute." 2 *Williston on Sales,* § 14–7 (1974).

█ In the present case the defendant acknowledges that on August 2 it orally communicated its offer to plaintiff. Early on the morning of August 3, as requested by plaintiff in the conversation of August 2, defendant dispatched the identical offer by telex. At 10:00 on August 3, after defendant had dispatched and relinquished control over its firm offer, plaintiff alleges that it orally accepted that offer. Thus, unlike *Alice,* the oral acceptance was responsive to the written offer alleged here to satisfy the Statute of Frauds. Apparently, defendant's telex was not actually received until approximately 11:00. At 11:30, before the

expiration of the firm offer, plaintiff sent to defendant written confirmation of its prior oral acceptance. If an acceptance of the written offer can be proved, we believe that defendant's firm offer ripened into a memorandum sufficient to satisfy the statute upon acceptance of the offer. *Williston, supra; see also* 1 *Anderson,* U.C.C. § 2–201:17.

█ We think that plaintiff's telex may be a valid acceptance since it was dispatched prior to the expiration of the firm offer. If this is so, the parties' telexes, taken together, form a written contract. However, even if a jury finds as a matter of fact that the alleged oral acceptance and that alone was valid, we do not see the Statute of Frauds as a bar to enforcement of the contract. Pre-U.C.C. law is clear that a written offer orally accepted is enforceable notwithstanding the Statute of Frauds, since the written offer serves as a satisfactory memorandum. 2 *Corbin on Contracts,* § 503, 4 *Williston on Contracts* § 590. This is so even though the pre-code statute requires evidence of a *contract.* Apparently, however, no court has had to decide whether this is the case under the Code.

Some cases have emphasized the language "has been made" and held writings ineffective because they were "future oriented". *Arcuri v. Weiss,* 198 Pa.Super. 506, 184 A.2d 24 (1964); *In Re Flying W,* 341 F.Supp. 26 (E.D.Pa.1972). However, an examination of those cases reveals that the writings involved were not offers but rather tokens of negotiations, one step further back in the bargaining process. Keeping the purpose of the Statute of Frauds in mind, we think the words "has been made" refer to the evidentiary value of the writing and not to the situation—that is, whether a contract had been formed—at the time the writing was signed. The official comment is enlightening, "All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction." We do not believe that the

---

**2.** Plaintiff's responsive telex cannot be used against defendant as a confirmation, as provided for in § 2–201(2) of the U.C.C., because defendant seasonably objected to it.

drafters intended to reject the rule applicable in pre-code cases and render impermissible the use of a written offer as a memorandum once that offer has been accepted.

Any other conclusion leads to an absurd result. Of necessity, defendant maintains that an acceptance, even a written acceptance, is not sufficient to bind the offeror to his firm offer. Defendant contends that the offeree under such circumstances does not have an enforceable right until the offeror confirms the acceptance in writing. This would render nugatory § 2–205 of the U.C.C. relating to firm offers between merchants. No offer for the sale of goods over $500 would ever be firm, since the offeror would always have the power to invoke the bar of the Statute of Frauds merely by refusing to confirm acceptance. Offer and acceptance are the bare bones of contract law. In certain circumstances where the contract is oral the law wisely requires written evidence of the transaction. However, in a situation like the one at bar, the statute does not require, nor would modern business practices permit, the additional burden defendant seeks to impose.