## A94A1237. CONTINENTAL INSURANCE COMPANY v. GAZAWAY.
### (453 SE2d 91)

SMITH, Judge.

Continental Insurance Company appeals from the judgment of the Probate Court of Gwinnett County finding it liable under a guardianship bond.

The record reveals that the bond at issue, in the amount of $52,000, was filed in the probate court by Jeannie Garner Gazaway, the duly appointed guardian of the person and property of Charlie Junior Gazaway. The bond named Continental Insurance Company as surety, and it was issued by George G. Robinson as attorney-in-fact for Continental. However, Continental never received a premium from Robinson for the bond. Robinson's authority to write bonds for Continental had been revoked more than two months before this bond was issued. The power of attorney attached to the bond authorized Robinson's execution of surety bonds on behalf of Transamerica

Insurance Company. Continental is not an affiliate, subsidiary, or parent of Transamerica. Nevertheless, the bond was accepted by the deputy clerk of the probate court.

Robinson died prior to the initiation of this probate court case. Thereafter, the guardian's attorney filed a petition to withdraw as counsel, alleging Gazaway had plundered the ward's estate and requesting that the probate court inquire into the matter. Gazaway was removed as guardian, and a show cause order issued requiring Gazaway to settle her accounts. Continental was served based upon its denial of liability on the bond. After a hearing, the probate court found Gazaway had wasted the entire estate of her ward, in the amount of $90,184.17, without benefit to the ward. The court found that Robinson had lawfully issued a bond backed by Continental and that Continental and Gazaway were jointly and severally liable for the $52,000 covered by the bond. An additional judgment for $37,969.17 was entered against Gazaway.

In this appeal, Continental contends the probate court erred in holding it liable on the bond. We agree and reverse. It is undisputed that Robinson issued the bond as attorney-in-fact for Continental. One signing as attorney-in-fact does not purport to be a general agent of the corporation. The term "primarily denotes that all the authority the person so signing possesses is contained in a written power of attorney." *Foley & Williams Mfg. Co. v. Bell & Harrell*, 4 Ga. App. 447, 448-449 (2) (61 SE 856) (1908). The record shows without dispute that Robinson was given only a limited power of attorney. He therefore was, at best, a limited agent. Persons dealing with a limited agent have the duty to examine the agent's authority. OCGA § 10-6-50; *Addley v. Beizer*, 205 Ga. App. 714, 716-717 (423 SE2d 398) (1992). The signature of Robinson as attorney-in-fact therefore placed the probate court clerk and the former guardian on notice that they must inspect the power of attorney before relying on Robinson's authority to write the bond.

Because of the purpose of the agency, in this case another duty of inquiry arose. The statute of frauds requires that contracts to answer for the debts of another be in writing. OCGA § 13-5-30 (2). Bonds and other surety contracts are within the contemplation of this statute. See generally *Jam Bonding Co. v. State of Ga.*, 179 Ga. App. 82, 83 (345 SE2d 87) (1986).[1]

The equal dignity rule, codified in OCGA § 10-6-2, provides that where the act to be performed by the agent must be executed with certain formalities, the creation of the agency must be executed with

---

[1] OCGA § 33-24-18 also specifies that insurance contracts are set forth in written instruments.

those same formalities. See, e.g., *Spiegel v. Hays*, 103 Ga. App. 293, 300 (3) (119 SE2d 123) (1961); *Nalley v. Whitaker*, 102 Ga. App. 230 (2) (115 SE2d 790) (1960). As a result, Robinson's authority to issue the bond could not be mere apparent authority; his authority was required to be shown by a writing: a power of attorney from Continental. Although a power of attorney was attached to the bond in this case, that power was not from Continental but from Transamerica Insurance Company. It was therefore insufficient, and neither Gazaway nor the probate court was justified in relying on Robinson's apparent authority.

The dissent seeks to hold Continental liable on the bond under a theory of apparent agency. However, to hold a principal liable under such a theory, the plaintiff must show that the principal held out the agent as its own through conduct which, reasonably interpreted, caused the plaintiff to believe the agent was authorized. *Shivers v. Barton & Ludwig, Inc.*, 164 Ga. App. 490, 491 (296 SE2d 749) (1982). Reasonably interpreted, Continental's conduct in this case did not authorize either the guardian or the probate court to conclude the bond was valid, and the lack of diligence on the part of both the guardian and the probate court precludes a showing of justifiable reliance.

Continental did nothing to knowingly cause or permit Robinson to act as its agent. Robinson was a limited agent and could write bonds only by virtue of a specific power of attorney from Continental. When his authority was revoked, Continental properly removed from Robinson's possession the powers of attorney it had given him and destroyed them. Consequently, even under the Restatement 2d of Agency, § 130, Continental would not be liable.

Because Robinson was not authorized to write the bond on behalf of Continental, and neither the guardian nor the probate court clerk was justified in relying on his authority to write the bond, Continental is not liable under the bond. The probate court's judgment must be reversed.

*Judgment reversed. Birdsong, P. J., Beasley, P. J., Andrews, Johnson and Ruffin, JJ., concur. Pope, C. J., McMurray, P. J., and Blackburn, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as it is my view that there is sufficient evidence to sustain the probate court's finding that George G. Robinson had authority (albeit apparent) to issue the $52,000 guardianship bond on behalf of Continental. Further, I find no conclusive evidence refuting the presumption that the probate court acted with regularity (i.e., with evidentiary support that Robinson was an authorized agent for Continental) when he approved the $52,000 surety bond filed to protect the ward's estate.

" 'In terms of estoppel, the general rule is that an insurance company will be estopped to deny that a certain person is its agent or possesses the authority he assumes to exercise, where the insurance company knowingly causes or permits him so to act as to justify a third person of ordinarily careful and prudent business habits to believe that he possesses the authority exercised.' 43 AmJur2d 201, Ins., § 120." *Henry v. Dairyland Ins. Co.*, 186 Ga. App. 250, 252 (366 SE2d 799). In the case sub judice, the evidence is undisputed that Continental gave Robinson a power of attorney giving him authority to issue surety bonds on its behalf and that Continental gave Robinson such authority so that Robinson could develop business on behalf of it in the Probate Court of Gwinnett County, Georgia. There is also evidence that a copy of this power of attorney was on file in the office of the Clerk of the Probate Court of Gwinnett County at the time the probate court judge approved that $52,000 bond which is now the subject of the case sub judice.

"If the principal entrusts to the agent a power of attorney or other writing which manifests that the agent has authority and which is intended to be shown to third persons, and this is retained by the agent and exhibited to third persons, the termination of the agent's authority by causes other than incapacity or impossibility does not prevent him from having apparent authority as to persons to whom he exhibits the document and who have no notice of the termination of the authority." Restatement, Law of Agency 2d, § 130.

In the case sub judice, there is evidence that Continental gave Robinson a "GENERAL POWER OF ATTORNEY" in the early part of 1990, giving him authority to issue surety bonds (not to exceed $300,000) to "[a]ll Obligees." Further, there is evidence that this power of attorney has no expiration date and that it was on file in the Probate Court of Gwinnett County at the time the probate court judge approved the $52,000 guardianship bond submitted by Gazaway. Although there is evidence that Continental revoked Robinson's power to issue bonds before Gazaway acquired the $52,000 bond certificate from Robinson, there is no proof that Continental informed the Probate Court of Gwinnett County that Robinson no longer had authority to issue surety bonds on its behalf. In fact, Thomas Williams, a "senior underwriter" for Continental, testified that he terminated Robinson's authority to issue bonds for Continental in April 1991, but that he never informed the Probate Court of Gwinnett County of Robinson's termination as a Continental agent, explaining that giving such notice would have been too burdensome.[2] It is my

---

[2] Specifically, Williams testified that he never informed the probate court of Robinson's termination "because unlike insurance, bonds can be issued to an unlimited number of obligees is the word we use, the Probate Court being one of those. And there's logistically no way

view that this evidence, along with the presumption that the probate court judge acted with regularity when it approved the surety bond on behalf of the ward's estate (i.e., with evidentiary support that Robinson was an authorized agent for Continental), *Acker v. Jenkins*, 178 Ga. App. 393, 394 (1) (343 SE2d 160), is sufficient to support the probate court's finding that Robinson was Continental's ostensible agent when he issued the $52,000 surety bond. Consequently, it is my view that the probate court did not err in concluding that "Continental Insurance Company is responsible to pay $52,000.00 to the ward as a result of its issuance of a valid bond to the former guardian, Ms. Jeannie [Garner] Gazaway, through its lawful agent, Mr. George Robinson."

I am authorized to state that Chief Judge Pope and Judge Blackburn join in this dissent.

DECIDED DECEMBER 20, 1994 —
RECONSIDERATION DENIED JANUARY 23, 1995 — ■

*Bovis, Kyle & Burch, John V. Burch, Timothy J. Burson,* for appellant.

*Claira M. Zellers, J. Gordon Barksdale III, Steven M. Reilly,* for appellee.

---

that you could potentially identify every obligee and notify them of the fact that the power of attorney had been revoked. Because since George Robinson had a power of attorney, that didn't mean that he just issued bonds for the Probate Court, if that explains it."